In the Matter of SEYMOUR R. GOFF, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Respondent.

Supreme Court, Special Term, New York County, March 30, 1955.

*Rothbart, Rothstein & Panken* for petitioner.

*Jacob K. Javits, Attorney-General (Philip Watson* of counsel), for respondent.

EDER, J. This is an article 78 proceeding for an order canceling the revocation by the Commissioner of Motor Vehicles of petitioner's operator's license.

On June 10, 1954, petitioner pleaded guilty to " reckless driving ", a violation of section 58 of the Vehicle and Traffic Law, before a Justice of the Peace in the town of Newburgh, New York. After receipt from the Justice of a certificate of the conviction based upon his plea of " guilty ", the commissioner issued on the usual form a notice revoking the license.

The substantial question raised by petitioner is whether the commissioner is authorized by law to revoke automatically upon receipt of a certificate of conviction of reckless driving.

The statutory distribution scheme for the revocation or suspension of licenses depending upon the nature of the offense is plain enough (Vehicle and Traffic Law, § 71). A license *must* be revoked, for example, if the holder is convicted of a homicide arising out of the operation of a vehicle, or driving while intoxicated, or leaving the scene of an accident without reporting. It *must* also be revoked if he is convicted of a third or subsequent violation, committed within an eighteen-month period, of other offenses such as speeding or reckless driving. A license *may* be revoked or merely suspended for enumerated offenses, including " any violation of the foregoing provisions of this chapter " (thus including § 58, " Reckless Driving "). It is then provided that, as to this group of offenses, " the holder shall have an opportunity to be heard except where such revocation or suspension is based solely on a court conviction ".

As applied to reckless driving, the Legislature has thus clearly provided that a license may be revoked or suspended for one violation (the holder being entitled to a hearing except where the revocation or suspension is based solely on a conviction), but that it must be revoked upon conviction of a third violation committed within a period of eighteen months. Accordingly, where, as here, there is but one conviction on petitioner's record, the commissioner was permitted to revoke or suspend his license but could not do so on the mere fact of the conviction; the discretion vested in him by this statute could be exercised only upon an individual basis, where the particular facts indicated such a serious or aggravated form of the offense as to warrant the penalty normally imposed only for three convictions. To automatically revoke upon receipt of certificate of one conviction only, as was here done, is to proceed mandatorily where the Legislature has directed that discretion and judgment shall be used. The procedure here followed thus makes no distinction between one or three convictions, a distinction painstakingly and clearly provided in the statute.

This procedure, in fact, deviates from the published circular issued by the bureau itself for the guidance of drivers. It describes a point system whereby a license may be revoked if, for example, six points are accumulated within a two-year period, a reckless driving conviction being stated to carry a penalty of two points. The circular points out, however, that " For a serious violation " the bureau can and does revoke " regardless of the number of points ". Finally, it enumerates those offenses, convictions for which under the law must be followed by revocation, including " *reckless* driving three times

within 18 months ''. It is plain, then, that for one conviction of reckless driving the bureau states it does not revoke unless it be a '' serious violation ''. That is a proper statement under the statute. Obviously, it was not carried out here, as no attempt was even made to find out if this particular case represented a '' serious violation ''. In the absence of an evidentiary showing to the commissioner supporting the conclusion that this case was an extreme example of reckless driving, he had no authority to revoke petitioner's license. A person may not be entitled to a full statutory hearing where the revocation is sought solely on the testimony in the record of his conviction, but the commissioner cannot proceed with a permissive revocation solely on the basis of a certificate of a conviction, but only upon a presentation of satisfactory proof of the unusually serious nature of his offense.

The Attorney-General's brief, in attempted justification of respondent's action, furnishes the clue to an understanding of the reason the commissioner here revoked automatically upon only one conviction. It is there set forth that '' A plea of guilty to reckless driving may be construed as an admission of unreasonably interfering with the free and proper use of public highways or unreasonably endangering users of the public highways, while a conviction after trial carries no such presumption in fact.'' It concludes that '' The action of the Commissioner in determining that a plea of guilty to reckless driving is justification for the revocation of an operator's license is, therefore, not arbitrary.'' Evidently, then, respondent distinguishes between guilty pleas and convictions after trial, viewing the former as proof of greater culpability (although many would be inclined to dispute that conclusion even from a factual standpoint, as where a traffic violation in a distant place is charged to a busy person who prefers to plead guilty and depart quickly rather than await the inconvenience of a makeshift trial). It would appear then that one guilty plea results in revocation, but that it requires three convictions after trial to produce the same result.

However, the Legislature has unequivocally, and with regard to this very matter of traffic violations, ruled out any distinction. Section 335-a of the Code of Criminal Procedure requires a criminal court, before accepting a defendant's plea, to expressly instruct him that '' A plea of guilty to this charge is equivalent to a conviction after trial '', and that, if convicted, his license is '' subject to suspension and revocation as prescribed by law.'' Such instructions must be given upon arraign-

ment so that a defendant will realize the effect of a plea of guilty which the law says is that of a conviction, no more, no less. Respondent may not then determine that it shall have a greater effect.

As no testimony is given where a defendant pleads guilty, it may be understandable that the commissioner should attempt to impute a greater responsibility therefor in revoking a license (thus avoiding the practical difficulties to be encountered in eliciting proof himself) than where a certified transcript of a contested trial is available for evaluation. The clear injunction of the law may not, however, be disregarded in favor of mere convenience. Lest it be thought that a driver guilty of a very serious reckless driving charge may escape the penalty of a revocation by the simple device of pleading guilty, we may note that a magistrate or judge has the same power as the commissioner to revoke or suspend (§ 71, subd. 1), and, where a discretionary offense is involved, may invoke revocation, despite the plea of guilty, on the basis of the facts made known to him.

An operator's license has risen in value with the increasing mechanization of our times. To some it is a necessity as an essential means of earning their livelihood. The Court of Appeals has said that it "may not be taken away except by due process * * * it would be a dangerous step indeed if we permitted him (the then Commissioner) to follow any loose practice formulated by him, regardless of the law." (*Matter of Wignall* v. *Fletcher*, 303 N. Y. 435, 441.)

Respondent is accordingly directed to cancel the revocation of petitioner's license, without prejudice, however, to his proceeding, if so advised, with an inquiry into the facts here involved and then determining whether a revocation or suspension should be imposed in the reasonable exercise of his discretion. Settle order.