Henry A. Hudson, J.
This proceeding was instituted by the petitioner to review an order of the Commissioner of Motor Vehicles dated June 3, 1957 which temporarily suspended petitioner’s license to drive an automobile, pursuant to section 71-a of the Vehicle and Traffic Law. No hearing was scheduled by the commissioner prior to the issuance of such suspension order. On June 11,1957 an order to show cause was issued by this court returnable June 22,1957 directing the respondent to show cause why such suspension order should not be terminated as unauthorized under the provisions of section 71-a of the Vehicle and Traffic Law. On June 12, 1957 a notice of hearing was sent to the petitioner by the respondent. On June 13 notice was sent to the petitioner by respondent notifying him that such hearing had been adjourned without date.
The pertinent facts in this ease are as follows. On February 23,1957 petitioner’s automobile was stopped on the highway at about 5:20 p.m. due to a mechanical failure as claimed by the petitioner. Petitioner proceeded on foot to a roadstand for the alleged purpose of calling a garage. A member of the State Police who observed petitioner’s car on the highway went to the roadstand to question him. The State trooper contends that after arresting the petitioner, he requested him to consent to the chemical test provided under section 71-a of the Vehicle and Traffic Law. This is disputed by the petitioner who states he was never arrested, at least until .after the request was made. The State trooper contends that he arrested petitioner in the *220 roadstand for driving while intoxicated, took him before a Justice of the Peace and charged him with that crime. Subsequently the charge was reduced to illegally parking on the highway to which petitioner pleaded guilty.
It is urged by the respondent that a proceeding under article 78 of the Civil Practice Act cannot be maintained by reason of the provisions of paragraph 3 of section 1285, as the action of the commissioner did not finally determine the rights of the petitioner in respect to the matters to be reviewed.
Insofar as the request of the petitioner is based upon the claim that he was not legally arrested or the claim that the officer did not arrest him before requesting him to take the chemical test provided by section 71-a of the Vehicle and Traffic Law, I am of the opinion that the respondent’s contention is correct. A review of these circumstances would be premature and improper under the provisions of paragraph 3 of section 1285 of the Civil Practice Act.
The petitioner’s contention, however, that the suspension order of June 3, 1957 was unauthorized because it was issued prior to the scheduling of a hearing or that the report of the police officer that he had reasonable grounds to believe petitioner had been driving in an intoxicated condition, was strictly a conclusion of law as it contained no facts to substantiate the conclusion and, therefore, could not form the basis of a temporary suspension order, are both objections addressed strictly to the temporary suspension order provided under section 71-a. If true, such determination of the commissioner to issue the temporary suspension order is a final determination of the right of the petitioner to operate his automobile during the period of the temporary suspension and would not come within the provisions of paragraph 3 of section 1285.
In respect to the first of these contentions that no hearing had been scheduled prior to the issuance of the suspension order, I am of the opinion that the provisions of section 71-a, granting to the commissioner the right to revoke the license of a person who refused to submit to the chemical test provided for in such section, were made contingent upon the commissioner giving such person an opportunity to be heard. Such an opportunity necessitates a hearing. After so providing, section 71-a further authorizes the commissioner, upon the basis of a specified, sworn report, to temporarily suspend a license “ pending the determination upon any such hearing(Emphasis supplied.)
I believe that it was the intent of the Legislature to require a hearing to be scheduled before a temporary suspension order could be issued and that the language, ‘‘ pending the determina *221 tion of any such hearing ” presupposes the scheduling of such a hearing before the issuance of the order. If this were not true, a license could be temporarily suspended and time for a hearing could be extended for an indefinite period. The present case furnishes an excellent example of the effect of the failure to fix a hearing date before the issuance of a temporary suspension order. In the first place, petitioner’s alleged refusal to consent to a chemical test took place on February 23, 1957. The notice of suspension was issued June 3, 1957. Thereafter, the petitioner’s attorney requested a hearing date, which was denied. -He specifically requested June 13th or 20th and was advised that the calendar was full. He instituted the present proceeding and on the day following the service of the order to show cause by mail, a notice of hearing on June 20th was sent petitioner. The day following, the hearing was postponed for the reason stated upon the argument of the motion, that the respondent felt that no hearing should be held until this proceeding was determined. The basis upon which the order to show cause was issued by this court was the failure by respondent to have scheduled a hearing. I am, therefore, of the opinion that the temporary suspension order issued by the commissioner was unauthorized due to the absence of the scheduling of any hearing in petitioner’s case prior to the issuance of the suspension order.
An examination of Exhibit “ A ”, the report of refusal to submit to chemical test filed with the Commissioner of Motor Vehicles by the arresting officer, annexed to the answer of the respondent, reveals that no statement of any facts constituting the grounds upon which the arresting officer had reason to believe that the licensee was driving in an intoxicated condition are stated, reliance being had solely to a legal conclusion expressed in the words of the statute. In my opinion, this does not satisfy the requirements of the statute for the issuance of a temporary suspension order. The statement is a mere legal conclusion. It is analogous to similar statements frequently found in informations or depositions which form the basis for the issuance of a warrant of arrest. The authorities are too numerous to need quotation that a warrant which is issued upon an information or deposition based solely upon hearsay statements or on conclusions of law cannot be sustained.
A license to drive an automobile involves a substantial right. (Matter of Wignall v. Fletcher, 303 N. Y. 435, 442; Matter of Goff v. Macduff, 207 Misc. 624.) Where in the latter case the court stated at page 627: “ An operator’s license has risen in value with the increasing mechanization of our times. To some it is a necessity as an essential means of earning their liveli *222 hood.” (See, also, Matter of Schutt v. Macduff, 205 Misc. 43.) In this case the original section 71-a of the Vehicle and Traffic Law was held unconstitutional because it did not entitle the licensee to a hearing upon an adequate record. As a result of this decision, section 71-a in its present form was enacted. The court stated at page 52: “ Then too, * * * there is no provision for a record by the officer of the facts leading him to believe that the driver is intoxicated * * * The officer concludes that he has reason to believe that the driver is intoxicated — all that is required is a mere suspicion and mental operation on his part— * * * and thereupon the officer, in some manner, communicates his belief * * * to the commissioner. There is no provision for any sworn report. Under the law, as written, the commissioner may act on a letter, telegram, telephone message or other unsworn statement from the police officer.” And at page 53: “ Also, * * * we have here a statute providing, in effect, that the commissioner may revoke a driver’s license upon mere hearsay without a hearing. Recent judicial statements indicate that a statute having this effect is not to be approved. ’ ’
The suspension of a license to drive an automobile whether it is temporary or permanent involves a substantial right.
A temporary suspension order, issued under the provisions of section 71-a, which requires a report under oath of the officer that he had reasonable grounds to believe petitioner was driving in an intoxicated condition which instead is based upon a report containing no facts but rather consisting solely of a conclusion of law, cannot be sustained.
The action of the commissioner in temporarily suspending the petitioner’s license pursuant to section 71-a of the Vehicle and Traffic Law is annulled and revoked.
This decision in no way relates to the right of the commissioner, under section 71-a, to revoke the petitioner’s license after a hearing. It is merely restricted to the commissioner’s right to issue a temporary suspension order under the circumstances existing in this case.