James J. Conroy, J.
Application for an order reviewing the determination of the respondent whereby he suspended petitioner’s motor vehicle operator’s license.
*722 Respondent, instead of filing a return, has moved for an order dismissing the petition on the ground that it is insufficient in law. On such a motion, the factual allegations of the petition must be assumed to be true. (Matter of Hines v. State Board of Parole, 293 N. Y. 254, 258.)
On August 31, 1957 petitioner, a duly licensed motor vehicle operator, was involved in a fatal accident. On September 20, 1957 he received notice from the respondent that his driver’s license was temporarily suspended pending investigation. Petitioner was not arrested nor indicted, nor has any legal action or prosecution been commenced against him, nor has he received notice of any hearing whatsoever.
At the time of the accident, petitioner was driving a car owned by his employer. Petitioner is a salesman whose territory includes Nassau and Queens Counties. His work requires that he carry samples and his employer has advised him that he will not be retained in his employment if he cannot drive a car.
Respondent contends that temporary suspension of a license without notice is specifically authorized by subdivision 3 of section 71 of the Vehicle and Traffic Law and that such suspension cannot be reviewed because it does not finally determine petitioner’s rights.
Section 71 of the Vehicle and Traffic Law, which provides for revocation and suspension of licenses, contains six subdivisions. Subdivision 1 thereof enumerates the persons who may revoke or suspend a license. Subdivision 2 provides for mandatory revocations upon conviction of homicide or certain other crimes. Subdivision 3, covering permissive revocations or suspensions, provides: ‘ ‘ Where revocation or suspension is permissive, the holder shall have an opportunity to be heard except where such revocation or suspension is based solely on a court conviction * * *. A license * * * may, however, be temporarily suspended without notice, pending any prosecution, investigation or hearing. ’ ’
Subdivision 6 provides: “ Revocation or suspension hereunder shall be deemed an administrative act reviewable by the supreme court as such. ’ ’
Inherent in the concept of permissive revocation or suspension is the notion that it will be based on the exercise of discretion and judgment, and it has been so held. (Matter of Goff v. Macduff, 207 Misc. 624.) In that case where the petitioner had been convicted of reckless driving once (three such convictions within 18 months require mandatory revocation), although petitioner was not entitled to a hearing because the permissive revocation was based on a court conviction, it was, nevertheless. *723 held that there must be some evidence before the commissioner besides the conviction before he can impose a permissive revocation ; otherwise, he would be equating one conviction with the three that the Legislature has specified for mandatory revocation. Thus, even where a hearing is not required, the respondent must have some facts upon which to base his judgment and discretion and such determination is specifically subject to review by the Supreme Court.
Respondent argues, however, that the determination herein sought to be reviewed does not finally determine the rights of the parties. Ordinarily, it is true the courts will not review a determination that does not finally determine the rights of the parties. (Civ. Prac. Act, § 1285, subd. 3.) Thus, if there is any further appeal within the administrative agency, as for example, from a local rent administrator to the State Rent Administrator, the courts will not review the determination until the petitioner has exhaused his remedies within the agency.
Such is not the case here. The determination to suspend petitioner’s license temporarily is not subject to further departmental review or appeal. True, a hearing will be held to determine whether a permanent suspension should also issue, but unless petitioner can review the temporary suspension in this court, he cannot review it at all. Thus, the determination in respect to a temporary suspension is quite final so far as the petitioner is concerned.
“ The possession of a license to drive is a vested property right.” (Matter of Moore v. Macduff, 309 N. Y. 35, 38.) Without the right to drive many individuals could not earn their livelihood. In the instant case, petitioner is a salesman who, undoubtedly, needs his car, but if respondent’s contentions were correct, the rule would apply as well to a physician who would virtually be out of business without a car to visit his patients or to any other individual. As the Court of Appeals pointed out in Matter of Wignall v. Fletcher (303 N. Y. 435, 441): “ A license to operate an automobile is of tremendous value to the individual and may not be taken away except by due process.”
Whether due process requires a hearing in every case of permissive revocation or whether the Legislature can dispense with a hearing in the case of a temporary suspension, we need not now consider. Certain it is, however, that whether there is a hearing or not, due process requires that respondent’s determination be based on some evidence and that the determination be subject to review to safeguard against arbitrary and capricious decisions. (Matter of Moore v. Macduff, supra, p. 38.)
*724 It follows that the petition is sufficient as a matter of law and respondent’s motion to dismiss it is denied. Let the order hereon provide for service of respondent’s answer and return and for the restoration of this proceeding to the Special Term calendar for a hearing.
Settle order.