Frank Del Vecohio, J.
This is an article 78 proceeding to set aside an order issued by respondent temporarily suspending petitioner’s operator’s license pending a hearing on a scheduled date.
On August 27, 1958 petitioner was arrested for violation of subdivision 3 of section 56 of the Vehicle and Traffic Law and charged with operating a motor vehicle upon a public highway at a speed of in excess of 95 miles per hour for a distance of greater than one quarter of a mile. He pleaded guilty as charged on the same day.
In due course the Commissioner of Motor Vehicles received a copy of the uniform traffic ticket issued by a State Trooper and the certificate of the Justice of the Peace concerning the violation; pursuant to section 71 (subd. 3, par. [e]) of the *967 Vehicle and Traffic Law the respondent scheduled a hearing for December 10,1958 and petitioner received a notice on November 14 that his license was suspended pending the hearing.
Petitioner contends that respondent had no evidence before him to warrant permissive temporary suspension and that the provision of section 71 of the Vehicle and Traffic Law that “ A license or certificate of registration * * * may, however, be temporarily suspended without notice, pending any prosecution, investigation or hearing ” is unconstitutional.
Respondent objects to the petition in point of law on the ground that the determination sought to be reviewed is not a final determination of petitioner’s rights and that the court is therefore without jurisdiction to entertain this proceeding; he also claims that petitioner is not entitled to the relief sought and asks that the petition be dismissed.
This court is of the opinion that the determination to suspend petitioner’s license temporarily may be reviewed by this court.
Subdivision 6 of section 71 of the Vehicle and Traffic Law provides: ‘ ‘ Revocation or suspension hereunder shall be deemed an administrative act revicwable by the supreme court ”. Furthermore, the determination of respondent temporarily to suspend petitioner’s license pending a scheduled hearing is a final determination of the right of petitioner to operate his automobile during the period of the temporary suspension and is reviewable under article 78 of the Civil Practice Act. (Matter of Gulotta v. Kelly, 8 Misc 2d 721; Matter of Grimshaw v. Kelly, 7 Misc 2d 218.)
Turning to the merits of the application, section 71 (subd. 3, par. [e]) empowers respondent temporarily to suspend without notice, pending a hearing for gross negligence in the operation of a motor vehicle or operating a motor vehicle in a manner showing a reckless disregard for life or property of others.
This court is of the opinion that the record contains ample evidence, which was before the respondent, to justify temporary suspension pending the scheduled hearing and that his determination was therefore neither arbitrary nor capricious.
Petitioner’s second contention, that the portion of section 71 of the Vehicle and Traffic Law which authorizes respondent temporarily to suspend without notice pending a hearing is unconstitutional, is without merit.
Although the possession of a license to drive is a vested property right (Matter of Moore v. Macduff, 309 N. Y. 35) and may not be taken away except by due process (Matter of Wignall v. Fletcher, 303 N. Y. 435), the Legislature in exercising its power *968 reasonably to regulate the use of highways may impose reasonable conditions before a license is issued and for the continued possession of the same. In Reitz v. Mealey (314 U. S. 33) the Supreme Court said at page 36: “ The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers. Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.”
In Matter of Ohlson v. Mealey (179 Misc. 13) Judge Froessel, now of the Court of Appeals, said at page 16: “It must be borne in mind that licensees of motor vehicles take their licenses and accept the privileges thereof subject to such conditions as the Legislature sees fit to impose. (People v. Rosenheimer, 209 N. Y. 115, 121.) The reasonableness and necessity of regulation of the character provided for in the statute under consideration has long been recognized.”
Petitioner questions the validity of the statutory provision authorizing temporary suspension pending a hearing upon the ground that, unlike previous statutes, it does not contain any specific time limit upon the duration of such a suspension, and suggests the possibility of an extended curtailment of an operator’s privilege to drive a motor vehicle pending a hearing set at some remote date — for example, two years — from the time of suspension.
Implicit in the section however is a requirement that a temporary suspension be for a reasonable time and because of the presumption of constitutionality (Knapp v. Fasbender, 1 N Y 2d 212, 232-233) the statute will be so interpreted. The duration of the suspension is one of the elements to be considered in reviewing the act of the commissioner and an unreasonably long temporary suspension may be attacked as arbitrary and capricious. From such a suspension a licensee may find relief in a proceeding under article 78 of the Civil Practice Act. So long as such relief is available petitioner is hot deprived of his license without due process, of law merely because section 71 does not provide a specific time limit upon suspensions.
In the present case respondent acted on November 10, 1958 to fix a hearing for petitioner on December 10, 1958 and on November 14 petitioner received notice of the temporary suspension pending such hearing. This court will not say that the restriction of 26 days thus imposed upon petitioner was unreasonable.
*969 The action of the respondent in temporarily suspending petitioner’s license to operate a motor vehicle until December 10, 1958 was neither arbitrary nor capricious and was amply supported by the evidence before him.
The petition is therefore dismissed.
Order accordingly.