Edward Gr. Baker, J.
Petitioner seeks an order annulling a determination of respondent whereby petitioner’s license to operate a motor vehicle was suspended.
On or about February 10,1957, an automobile owned by petitioner’s wife and being operated by petitioner, who at the time was over the age of 65 years, was in collision with another vehicle. A report of the accident was duly filed.
On June 7,1957, petitioner received through the mail a notice of hearing to be held at the Motor Vehicle Bureau, the purpose of which, as stated in the notice, was 1 ‘ to investigate an accident which occurred on 2/10/57 — and to determine whether or not your license — shall be suspended or revoked. You are required to be present at this hearing. You are also permitted to appear with counsel. Drivers involved must produce their licenses at the hearing. Failure to appear at the hearing may result in the suspension or revocation of your license ”.
*223 Appended to this notice was the following note: “ It is the practice of this Bureau to schedule a case for hearing where the operator involved in an accident is sixty-five years of age or over. The principal purpose of this hearing is to determine if your physical condition is such that you may safely operate a motor vehicle on the highways. No other parties involved in the accident have been requested to appear at the hearing, and it will be unnecessary for you to produce any witnesses. Because of the nature of the hearing, we desire your personal appearance ” (italics supplied).
Petitioner failed to appear in response to this and three subsequent notices identical in form. Accompanying the third notice was a suspension order suspending petitioner’s operator’s license pending a hearing.
The note, quoted above, which was appended to each of the notices sent to petitioner, indicates clearly that the purpose of the “ hearing ” was not to investigate the accident but, rather, to inquire into the question of petitioner’s physical condition and his capacity to operate a motor vehicle. The details of the accident, the question of fault on the part of either operator, or on the part of both, were matters obviously considered by the respondent to be wholly irrelevant to the inquiry sought to be conducted. No witnesses were to be called or examined; no proof taken with respect to the occurence; no “ hearing” within the meaning of section 71 of the Vehicle and Traffic Law was scheduled nor was one contemplated. It is apparent that petitioner’s age alone was considered by respondent to be a sufficient basis for requiring his appearance solely for the purpose stated in the appended note. The notice of suspension states that petitioner’s license “ is hereby suspended pending a hearing to investigate an accident ’ ’. As stated above, no such hearing was to be held.
No provision of the Vehicle and Traffic Law vests in the Commissioner power or authority to require licensees to submit to an examination with respect to their physical condition solely by reason of their having been involved in an accident after having attained the age of 65 years. There was no statutory authority, express or implied, and no rational basis in fact for requiring petitioner’s appearance for the purpose stated in the note. In these circumstances, his failure to respond to the notice afforded no valid basis for the order of suspension.
There is no question that the statute vests in the respondent full power and authority to investigate an accident or to inquire with respect to the matters specified in subdivision 3 of section 71. But the investigation or inquiry contemplated by that *224 section is one which, obviously, has for its purpose ascertainment of the facts based upon some evidence. No such investigation or inquiry was contemplated here.
Possession of a license to drive is a vested property right (Matter of Moore v. Macduff, 309 N. Y. 35, 38) of which one may not be deprived except by due process (Matter of Wignall v. Fletcher, 303 N. Y. 435, 441). The temporary suspension of that right is no less a deprivation than a revocation and may be reviewed by this court (Matter of Gulotta v. Kelly, 8 Misc 2d 721; Vehicle and Traffic Law, § 71, subd. 6).
The suspension of petitioner’s license for failure to appear in response to a notice of hearing to be held for a purpose not authorized by law was arbitrary and contrary to law. The order will be vacated and set aside.
Submit order.