Request of Governor and Council,
No. 4757.

OPINION OF THE JUSTICES.

Submitted June 16, 1959.

Answer returned June 30, 1959.

The following resolution was adopted by the Governor and Council on May 29, 1959:

"WHEREAS there has been an appalling loss of life upon the highways of this State during the current calendar year, fifty-two persons having been killed in motor vehicle accidents upon said highways so far this year; and

"WHEREAS a large portion of said loss of life has been due to the operation of motor vehicles at excessive speed; and

"WHEREAS the Governor and Council, in the exercise of their general supervision over the officers of the executive branch of the government, are contemplating the issuance of an Executive Order to the Commissioner of Motor Vehicles directing the Commissioner, in his discretion and in proper cases, to suspend, without notice and hearing, the motor vehicle operators' licenses of persons convicted of the offense of operating a motor vehicle at a speed greater than reasonable and prudent; and

"WHEREAS doubt has arisen whether the Commissioner may, under the Constitution and in the light of the current statutory law, lawfully take such action if so directed; and

"WHEREAS the resolution of such doubt is of great importance to the Governor and Council in determining what steps the executive authority may take to prevent or diminish further loss of life upon the highways; and

"WHEREAS the present constitutes a solemn occasion,

"Now THEREFORE BE IT RESOLVED:

"That the Justices be requested, under the provisions of Part Second, Article 74 of the Constitution, to give their opinion upon the following important question of law:

"Does the Commissioner of Motor Vehicles, acting under the provisions of RSA 262:40, or any other provision of law, in a proper case and in his discretion, and without notice and hearing, have the legal authority to suspend the motor vehicle operator's license of a person upon a showing that such person has been convicted of the offense of operating a motor vehicle at a speed greater than reasonable and proper?"

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court submit the following answer to the question contained in your resolution filed May 29, 1959, asking whether the Commissioner of Motor Vehicles, acting under the provisions of RSA 262:40, or any other provision of the law, in a proper case and in his discretion, and without notice and hearing, has the legal authority to suspend the motor vehicle operator's license of a person upon a showing that such person has been convicted of the offense of operating a motor vehicle at a speed greater than reasonable and proper.

*Art.* 41, Pt. II, of our Constitution constitutes the Governor as the "supreme executive magistrate." *Art.* 62, Pt. II, of our Constitution provides that the Governor and Council " . . . may and shall, from time to time hold a council, for ordering and directing the affairs of the state, according to the laws of the land."

Since the question submitted in the resolution concerns the executive duties of the Governor and Council and upon the assumption that an opinion would assist in the performance thereof, we

deem it a proper subject for an opinion. *Opinion of the Justices,* 96 N. H. 513.

The statute (RSA 262:40) involved in the request provides in part that the Commissioner of Motor Vehicles "may order the suspension of the license of any operator or chauffeur in his discretion, and without a hearing . . . whenever he has reason to believe that the holder thereof . . . is operating improperly or so as to endanger the public . . . . "

It is doubtful that the above provision, without further legislative clarification, confers upon the Commissioner of Motor Vehicles legal authority to suspend the license of any operator who has been convicted of a violation of the statute relating to reasonable speed. RSA 263:53, 54.

Under RSA Title XXI, Motor Vehicles, the authority to suspend licenses for conviction of specific offenses is clearly defined. Section 262:16 provides that the court "may, for a conviction for grossly careless or grossly negligent operation, and shall, for convictions of any other violation under sections 15 or 19 hereof [operating recklessly or while under the influence of intoxicating liquor or narcotics] immediately revoke the license of the person so convicted . . . . " Section 17 further provides that the court shall suspend the license of any person who appeals from conviction of a violation of section 15 or section 19. Section 38 provides that upon a third or subsequent conviction in the same calendar year of a violation of Title XXI, Motor Vehicles, the Commissioner shall revoke the license of any person so convicted for at least 30 days. Had the Legislature intended to authorize automatic suspension without hearing upon conviction for speeding, it is reasonable to suppose that express provision therefor would have been made in either section 16 or section 38.

The language of RSA 262:40 without a clear legislative standard or definition as to what constitutes "operating improperly or so as to endanger the public" raises doubt as to a legislative purpose to authorize the Commissioner to suspend an operator's license upon a conviction of a violation of the statute against speeding.

Upon the assumption that an opinion as to the constitutionality of any proposed legislation giving the Commissioner authority to suspend licenses without a hearing in certain well-defined instances would be helpful, we respectfully submit that in our view there are no constitutional impediments to such legislation.

In an early decision it was pointed out "that the operation of

an automobile upon the public highways is not a right but only a privilege which the state may grant or withhold at pleasure . . . and that what the state may withhold, it may grant upon condition." *State* v. *Sterrin,* 78 N. H. 220, 222 (1916). This view has been repeatedly upheld in subsequent cases. See *Rosenblum* v. *Griffin,* 89 N. H. 314, 318 (1938); *State* v. *Wood,* 98 N. H. 418, 419 (1953). *Cf. State* v. *Corron,* 73 N. H. 434, 445.

To the extent that a motor vehicle license may be more than a privilege it is nevertheless subject to regulation under the police power. We cannot say that suspension without hearing after a conviction in court for speeding would be an unreasonable regulation in the interest of public safety.

While some confusion exists in other jurisdictions concerning the authority of the Commissioner to suspend an operator's license without a hearing, these decisions generally rest upon express or implied statutory grounds providing for a hearing. Statutes not requiring or not providing for notice and hearing before such suspension of a license to operate a motor vehicle have generally been sustained against constitutional objection. See anno. 10 A. L. R. (2d) 833, 842 III. *People* v. *O'Rourke,* 124 Cal. App. 752 (1932); *Rawson* v. *Department of Licenses,* 15 Wash. (2d) 364; *State* v. *Moyers,* 86 Okla. Cr. 101; *Cf. Wall* v. *King,* 206 F. (2d) 878, 882 (1st Cir. 1953), *cert. den.* 346 U. S. 915.

> FRANK R. KENISON.
> LAURENCE I. DUNCAN.
> AMOS N. BLANDIN, JR.
> EDWARD J. LAMPRON.
> STEPHEN M. WHEELER.

June 30, 1959.

*Louis C. Wyman,* Attorney General, for a negative answer.

*H. Thornton Lorimer* and *G. Wells Anderson,* special counsel for the Governor and Council, for an affirmative answer.