Vincent A. Lupiano, J.
Petitioner moves for an order vacating and setting aside the order of the respondent, dated December 3, 1959, suspending as of that day petitioner’s New York State chauffeur’s license. The respondent cross-moves for dismissal of the petition pursuant to section 1293 of the Civil Practice Act. On August 25, 1958, it is alleged, the petitioner had pleaded guilty to the charge of speeding and passing a red light. On July 12, 1958, petitioner was served with a summons charging him with speeding and not keeping to the right and on April 6,1959, he was served with a summons charging him with the offense of speeding. He appeared pursuant to these summonses on December 3,1959, at which time the respondent was the presiding Magistrate. The petitioner attended with his attorney and pleaded not guilty. Thereupon the respondent suspended petitioner’s license pending determination of the trials in relation to the summonses served on April 6, 1959, and July 12, 1958, separate trials having been set for December 16, *338 1959, and December 23, 1959. Petitioner further alleges noncompliance with the requirements of section 335-a of the Code of Criminal Procedure. Subdivisions 1 and 3 of section 71 of the Vehicle and Traffic Law specifically empower a magistrate to suspend a license temporarily pending trial. Since, as alleged, such suspension was made pending the determination of the trials, the matters would again arise for further action within a period of not more than 20 days. Consequently, the action complained of was not beyond the power of the court, nor is it shown by the allegations of the petition that any prejudice resulted from alleged noncompliance with the provisions of section 335-a of the Code of Criminal Procedure. The summonses served upon the petitioner being uniform traffic tickets contain instructions in compliance with statutory standards. Moreover, the petitioner was represented by counsel and there has as yet been no trial upon the charges.
The cross motion is granted and the petition is dismissed.