Louis G. Bruhn, J.
This is an application on behalf of the petitioner to vacate an order of the Commissioner of Motor Vehicles, dated June 18,1962, which order temporarily suspended his license to drive an automobile.
The sole question involved rotates around the nature and effect of the provisions of section 510 of the Vehicle and Traffic Law of the State of New York.
Such section, under paragraph (h) of subdivision 3 provides, in part: “A license or certificate of registration, * * * *1013 may, however, be temporarily suspended without notice, pending any prosecution, investigation or hearing.” (Italics supplied.)
The Commissioner resists the application, first, on the grounds that subdivision 3 of section 1285 of the Civil Practice Act precludes any review by this court since it provides:
“ Except as otherwise expressly prescribed by statute, the procedure under this article shall not be available to review a determination in any of the following cases:
“ 3. Where it does not finally determine the rights of the parties with respect to the matter to be reviewed.” (Italics supplied.)
This court cannot agree with such position for several reasons.
The very section we are concerned with contains an exception which defeats the effect of subdivision 3 of section 1285 since it provides under subdivision 6: “ Revocation or suspension hereunder shall be deemed an administrative act reviewable by the supreme court as such. ’ ’
It should be noted that the Legislature could have but did not make any distinction between a temporary or final suspension or revocation.
A temporary suspension, for its effective period, is certainly final insofar as it deprives a licensee of the use of his license during that period.
While the suspension may be temporary, the order providing for it is as final as such order can be since, unless the courts can intervene, no relief beyond the Commissioner is available.
The Commissioner has cited authority to the contrary but this court feels it cannot agree with it and holds with the following cases: Matter of Grimshaw v. Kelly (7 Misc 2d 218); Matter of Gulotta v. Kelly (8 Misc 2d 721); Matter of Herkel v. Kelly (14 Misc 2d 966) and Matter of Axtell v. Kelly (17 Misc 2d 222).
Passing next to the validity of the Commissioner’s order it appears uncontradicted that the order for the temporary suspension had issued when no date had been set for the hearing.
The order in question provided in part: ‘ ‘ suspended pending hearing.”
In view of the language of section 510, it would seem that, absent a fixed hearing date, no predicate existed upon which to justify an order of temporary suspension and on that basis alone the order should be vacated. (Matter of Grimshaw v. Kelly, supra.)
*1014 The failure to fix a date of hearing at the time of the issuance of the order of temporary suspension points to an area of possible arbitrariness on the part of the Commissioner and/or his assistants since such hearing date might be deferred by inordinate intervals which any reasonable person would conclude to be arbitrary.
This situation is further amplified in the instant case by the fact that originally a date in August was to be fixed but on the urging of the petitioner July 30 was set as the hearing date.
Certainly a court review should be available to test the reasonableness of the period between suspension and hearing. (Herkel case, supra.)
Whether under due process the Legislature can dispense with notice and a hearing in the case of a temporary suspension is not raised in this case.
Nevertheless, due process requires that the Commissioner’s determination be based not on hearsay and conclusion but on some factual evidence, the quantum and substantiality of which is subject to review to insure against arbitrary and capricious suspensions. (Matter of Moore v. Macduff, 309 N. Y. 35, 38.)
Viewing the instant case in the light of and necessarily confining it to what was before the Commissioner at the time of his order of suspension we find two documents.
The first was a copy of a police accident report which contained the conclusory statement: “ Driver had a lapse of memory and was not able to give a sound statement.”
The same report indicates he suffered injuries and was hospitalized making it certainly difficult to conclude whether any lapse of memory, if such existed, resulted from the accident itself or from some other cause apparently suspected by the Commissioner.
In addition to such report the Commissioner also had before him the petitioner’s accident report which contained this language: “ #1 had stopped for red light at intersection when light changed to green #1 started up & all of a sudden he realized he was heading for pole & hit pole. ’ ’
From what the Commissioner had before him it certainly was impossible to ascertain what facts led to the “ lapse of memory ” conclusion of the police officers.
If such conclusion flowed from the statement contained in the petitioner’s accident report above it is not necessarily the only logical one to follow but instead is only one of many that could equally as well germinate therefrom.
Furthermore, to say that he had a lapse of memory would, more appropriately, suggest a complete void of recollection of the *1015 happening of the accident rather than the recital as given in his report.
In the light of the fact that the purpose of the hearing, as announced in the notice thereof, is to be pursuant to section 510 (subd. 3, par [b]) of the Vehicle and Traffic Law it coniines it to “ some physical or mental disability * * * the court commitment of the holder to an institution under the jurisdiction of the department of mental hygiene or the disability of the holder by reason of intoxication or the use of drugs ”.
Since, therefore, the underlying basis for a suspension or revocation after the hearing must be resolved primarily on the basis of a physical or mental disability it is difficult to reconcile a “ lapse of memory ” as pointing to that result.
If it did this court feels that few of us would be immune from orders of temporary suspension.
While the Commissioner may be amply justified in holding a hearing under the circumstances and while the proof developed on such hearing may substantiate a revocation or suspension this court feels that the Commissioner’s temporary order was not justified on the basis of the information then in his hands and for that reason must be vacated and annulled. (Matter of Zimmerman v. Kelly, 9 Misc 2d 989.)
Submit order, granting petitioner’s motion, and annulling the suspension of the Commissioner, without costs.