Joseph A. Nevins, J.
This is a special proceeding brought pursuant to subdivision 6 of section 510 of the Vehicle and Traffic Law to review the action of the respondent, an Associate Judge of the City Court of Buffalo, in suspending the operators ’ licenses of the petitioners.
No objection is raised by the respondent as to the power of this court to review the action complained of and I am satisfied that both the statute and the authorities thereunder confirm such jurisdiction.
It appears from the allegations of the petition, admitted by the respondent, that both petitioners were apprehended by a member of the Buffalo Police Department on the 21st day of January, 1968 and that each was summoned to answer in the City Court a charge alleging a violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law (speeding); that on the return day, January 30, the petitioners appeared, entered pleas of not guilty, and that trials were ordered for February 21,1968. It is also undisputed that the respondent did, following the arraignment, direct that the operator’s license of each petitioner be suspended pending the date of the trial, and pursuant to such order the petitioners surrendered their licenses to the respondent. From all that appears here, there was no hearing conducted prior to the order of suspension; no testimony taken and no opportunity afforded the petitioners to controvert the conclusions apparently arrived at by the respondent. These conclusions appear in an answering affidavit sworn to by the respondent on the day of the argument in this matter, which affidavit was submitted to the court upon the argument, apparently without prior service on the attorney for the petitioners. *204 Leaving aside the question of regularity raised by this kind of submission (see Rules of the Supreme Court, Eighth Judicial District, rule XIX, subd. D), the affidavit does disclose that the respondent concluded: (1) that the petitioners, at the time of their apprehension, were engaged in a race (although it does not appear that either of them was so charged); (2) that each of the petitioners was at the time traveling at a rate of speed dangerous not only to themselves but to other users of the highway, and (3) that the petitioners’ attitudes and conduct indicated that ‘ ‘ they took the charges filed against them very lightly and that compliance with the Vehicle & Traffic Laws of the State of New York did not seem too important to them ”.
The respondent’s affidavit also “ points out ” that each of the petitioners has a previous conviction for speeding, 17 months ago in one case and one month ago in the other. Knowledge of these convictions does not appear to have been had until after the suspension order was made.
The contention by petitioners that the respondent was without power to suspend their licenses pending trial must be rejected. The statute expressly confers that authority (Vehicle and Traffic Law, § 510, subd. 3, last unnumbered par.), and, what few authorities there are, recognize the grant. (See Matter of Weber v. Lo Piccolo, 20 Misc 2d 337; Matter of Del Zio v. Chinman, 54 Misc 2d 697.)
The difficult question here is whether these suspensions can be upheld on the basis of the meager record presented. The highest court of this State has recognized that a license to operate a motor vehicle is a valuable right, which once vested, cannot be taken away except by due process of law. (Matter of Moore v. MacDuff, 309 N. Y. 35; Matter of Wignall v. Fletcher, 303 N. Y. 435.) The fact that the suspension is “ temporary ” does not shield it from review (Matter of Gulotta v. Kelly, 8 Misc 2d 721; Matter of Grimshaw v. Kelly, 7 Misc 2d 218; Matter of Herkel v. Kelly, 14 Misc 2d 966); and a temporary suspension, otherwise proper, may be annulled should the period be prolonged or indefinite. (Matter of Grimshaw v. Kelly, supra, Matter of Lashway v. Hults, 36 Misc 2d 1012; Matter of Del Zio v. Chinman, supra.) On the other hand it hardly seems wise to validate an arbitrary suspension simply because the period of time involved pending trial or hearing is expected to be short. In Herkel, the period of temporary suspension was 26 days pending a hearing before the Commissioner of Motor Vehicles, but this followed a conviction of the licensee upon his plea of guilty to a charge of operating a motor vehicle at a speed in excess of 95 miles per hour. In Weber v. Lo Piccolo (20 Misc 2d 337, supra) *205 the period of temporary suspension was 20 days where the licensee had previously pled guilty to speeding and passing a red light and was summoned to answer two further charges of speeding and one of not keeping to the right, all within a period of eight months.
Extending to the petitioners, as we must, the presumption of their innocence with respect to the single speeding charges now made against them, we are left with only the fact, if it be a fact, that each of them has previously been convicted of a speeding violation, although even here the equities are hardly the same when one such conviction was had 17 months ago and the other, 1 month ago. Subjective assessments of attitudes and unsupported assumptions of aggravating circumstances cannot be relied upon to support ‘ ‘ an administrative act ’ ’, as the statute characterizes a revocation or suspension, whether it be performed by a judicial or an executive officer. The fact that the statute permits temporary suspension without notice does not require that the licensee be denied the opportunity to be heard, nor does it authorize, despite the lack of any express standards, the haphazard or arbitrary suspensions. (Matter of Gulotta v. Kelly, 8 Misc 2d 721, supra). It seems that suspension pending trial or hearing should be restricted to instances where there is a substantial danger that continued operation will jeopardize the safety of the public and that substantial danger must be demonstrated, at least prima facie, by evidence preserved in the record for review. Temporary suspension is not to be inflicted as a punishment in advance of adjudication but may be used to compel the licensee’s submission to jurisdiction or to protect the public from further risks where the record demonstrates that likelihood. Since the record here does not contain competent evidence sufficient to justify the action taken, the order of suspension must be annulled.