Rockingham
No. 6273

EDWARD D. DANEAULT

v.

FREDERICK N. CLARKE, JR.,
DIRECTOR, MOTOR VEHICLE DIVISION

September 28, 1973

*Victor W. Dahar,* by brief and orally, for the plaintiff.

*Warren B. Rudman,* attorney general, and *Richard F. Therrien,* attorney (*Mr. Therrien* orally), for the State.

DUNCAN, J. The plaintiff seeks to enjoin the defendant director from revoking his license to operate motor vehicles pending an administrative hearing to determine whether he refused to consent to a blood test under RSA 262-A:69-a (the implied consent law). The case reaches us upon an agreed statement of facts which discloses that the plaintiff was arrested and charged with driving a motor vehicle at Derry on February 19, 1971, while under the influence of intoxicating liquor. The parties disagree as to whether the arresting officer informed the plaintiff of the implied consent law (RSA 262-A:69-e as amended by Laws 1969, 119:3) but it is agreed that the officer "filed the appropriate sworn statement report with the Director" as required by section 69-e and that the director thereupon notified the plaintiff that his license was revoked for 90 days, and that he was entitled to a hearing before the director if requested within 30 days. RSA 262-A:69-f. The plaintiff requested an immediate hearing, but after this action was brought, the parties agreed that further administrative proceedings would be stayed pending disposition of the transferred case.

The Superior Court (*Loughlin,* J.) issued a temporary injunction, and transferred to this court without ruling, the question of whether the court "has jurisdiction or should exercise jurisdiction" to enjoin suspension of the plaintiff's license "pending administrative and judicial review of said revocation under RSA 262-A:69-f and 69-g respectively."

The jurisdiction of the superior court in the matter appears not to be in issue, but the propriety and constitutionality of revocation without prior notice and hearing is vigorously questioned by the plaintiff. He calls attention to the statement in *Opinion of the Justices,* 102 N.H. 183, 186, 152 A.2d 870,

872 (1959), that a license to operate a motor vehicle "may be more than a privilege", and relies extensively upon *Wall v. King,* 206 F.2d 878 (1st Cir. 1953), for the proposition that a license is a fundamental liberty within the meaning of the fourteenth amendment. Finally he urges that recent decisions of the Supreme Court of the United States establish the right to notice and hearing as a requirement of due process of law before essential rights may be curtailed. *Goldberg v. Kelly,* 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970); *Wheeler v. Montgomery,* 397 U.S. 280, 25 L. Ed. 2d 307, 90 S. Ct. 1026 (1970). *See also Sniadach v. Family Fin. Corp.* 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820 (1969).

More closely allied to the case before us is *Bell v. Burson,* 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971), in which the Court pointed out that suspension of operators' licenses "adjudicates important interest", and calls for "that procedural due process required by the Fourteenth Amendment". *Id.* at 539, 29 L. Ed. 2d at 94, 91 S. Ct. at 1589. In holding that a license could not be suspended without prior hearing solely because of involvement in a motor vehicle accident, the Court recognized that prior hearing may be dispensed with "in emergency situations", citing *Fahey v. Mallonee,* 332 U.S. 245, 91 L. Ed. 2030, 67 S. Ct. 1552 (1947), and *Ewing v. Mytinger & Casselberry,* 339 U.S. 594, 94 L. Ed. 1088, 70 S. Ct. 870 (1950). *Bell v. Burson, supra* at 542 & n.5, 29 L. Ed. 2d at 96 & n.5, 91 S. Ct. at 1591ʹ & n.5.

Again in *Fuentes v. Shevin,* 407 U.S. 67, 90, 32 L. Ed. 2d 556, 575, 92 S. Ct. 1983, 1999 (1972), the opinion of the Court recognized that there are "'extraordinary situations' that justify postponing notice and an opportunity for a hearing" and elaborated upon the requirements of these situations as being first, necessity "to secure an important governmental interest or general public interest", second, the existence of a "special need for very prompt action" and third, that "the person initiating the seizure has been a government official responsible for determining under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance." *Id.* at 90-91, 32 L. Ed. 2d at 575-76, 92 S. Ct. at 1999-2000. The Court again cited the *Fahey* and *Ewing* cases, adding *North American Storage Co. v. Chicago,*

211 U.S. 306, 53 L. Ed. 195, 29 S. Ct. 101 (1908). *Fuentes,* 407 U.S. at 92 nn.26-28,. 32 L. Ed. 2d at 576-77 nn.26-28, 92 S. Ct. at 2000 nn.26-28.

We consider that the case before us answers the requirements justifying brief postponement of hearing until after revocation of the plaintiff's license. The statute requires sworn evidence, in the form of a report by the arresting officer, for the consideration of a neutral State official in the person of the defendant director, before revocation shall be ordered. It also provides for immediate notice that a hearing may be had within 10 days of a request therefor.

The plaintiff suggests that the director is "compelled" under the statute to revoke a license upon receipt of the officer's report. On the contrary, the requirement that the sworn report contain the "facts upon which the reasonable grounds to believe [that the arrested person had been driving while under the influence] are based", and the fact that the accused refused to submit to a test in the face of information that refusal would result in revocation, implies that the defendant has the duty to make a preliminary determination whether revocation is "necessary and justified in the particular instance." *Fuentes,* 407 U.S. at 91, 32 L. Ed. 2d at 576, 92 S. Ct. at 2000; *see Application of Grimshaw,* 165 N.Y.S.2d 263 (Sup. Ct. 1957); *Lashway v. Hults,* 234 N.Y.S.2d 47 (Sup. Ct. 1962).

That the operation of motor vehicles by persons under the influence of intoxicating liquor calls for "very prompt action", to "secure an important general public interest" needs no elaboration. *See State v. Gallagher,* 102 N.H. 335, 338, 156 A.2d 765, 768 (1959); *State v. Gallant,* 108 N.H. 72, 76, 227 A.2d 597, 599 (1967); *State v. Severance,* 108 N.H. 404, 237 A.2d 683 (1968); Annot., 88 A.L.R.2d 1064 (1963).

We do not agree with plaintiff's suggestion that no public interest will be furthered because the person whose license is revoked may nevertheless continue to drive without a license. *See* RSA 262:27-b (Supp. 1972), *as amended,* Laws 1973, ch. 248; Comment, 70 W. Va. L. Rev. 408-09 (1968); Comment, 51 Mich. L. Rev. 1195, 1197 (1953).

We conclude that the statute is constitutional, and that the director should not be enjoined from revoking the plain-

tiff's license pending administrative hearing and judicial review.

> *Remanded; certificate to issue October 10, 1973; administrative hearing to be held within ten days thereafter.*

GRIMES, J., dissented; the others concurred.

GRIMES, J. dissenting: In my view a contrary result is dictated by the decisions of the Supreme Court of the United States cited in the court's opinion.