STATE OF IOWA, Appellee, v. LOREN DOWLING, Appellant.

INDICTMENT AND INFORMATION: Amendment—Unnecessary
1 Amendment—Effect. An accused may not object that the indictment was amended by inserting therein an entirely unnecessary allegation.

MOTOR VEHICLES: Operation—Operation While Intoxicated—Indictment—Sufficiency. An indictment for operating an automobile while
2 the driver thereof is intoxicated need not allege that the operation was "on a public highway." Indictment held adequate in instant case.

STATE v. DOWLING. [204 Iowa

CONSTITUTIONAL LAW: Constitutionality—Who May Raise Ques-
3 tion. An accused who has been fined $100 and ordered imprisoned
in the county jail for 60 days may not question the constitutionality
of the statute under which he was convicted, on the ground that
the statute imposed cruel and unusual punishment. (See Book of
Anno., Vol. I, Const., Art XII, Sec. 1, Anno. 5 *et seq.*)

Headnote 1: 17 C. J. p. 287; 31 C. J. p. 826. Headnote 2: 42 C. J.
pp. 1330, 1333. Headnote 3: 12 C. J. p. 766.

*Appeal from Hamilton District Court.*—G. D. THOMPSON, Judge.

NOVEMBER 22, 1927.

Indictment was found against defendant for operating a
motor vehicle while intoxicated. There was a trial to a jury.
From the judgment of conviction the appeal was taken.—
*Affirmed.*

*R. G. Remley,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant At-
torney-general, and *Sterling Alexander,* County Attorney, for
appellee.

KINDIG, J.—Reversal is here demanded; first, because appel-
lant's demurrer to the indictment was not sustained, and second,
for error of the district court in permitting an amendment
thereto.

On February 3, 1927, the following indictment was re-
turned:

"The grand jury * * * accuses Loren Dowling of the
crime of operating a motor vehicle while intoxicated, com-
mitted as follows: The said Loren Dowling, on or about the
3d day of January, in the year of our Lord, 1927, in the
county and state aforesaid, did willfully, unlawfully, and
feloniously operate and drive a certain motor vehicle while he,
the said Loren Dowling, was in an intoxicated condition, con-
trary to and in violation of the law * * *."

Attack, as above indicated, was made thereagainst on the
grounds, among others: First, that there are omitted allega-
tions to the effect that said offense was committed upon the

1. INDICTMENT AND INFORMATION: amendment: unnecessary amendment: effect. public highway; second, that Section 5027 of the Code of 1924 is void because it violates Section 17 of Article I of the Constitution of Iowa, prohibiting unusual and excessive punishment; and third, that the charge is too general. Thereafter, appellee asked leave to amend, which was granted, and accordingly, there was added immediately after the word "drive," as contained in said accusation, this phrase: "Over and upon the streets of Webster City, Iowa." Directed thereat, defendant filed his motion to strike, on the ground that there was inserted thereby in said indictment substantive matter, rather than a correction of form. Upon the court's refusal to sustain defendant's position, he pleaded not guilty, went to trial, and was convicted by the jury. The errors will be considered in the order assigned.

I. Section 5027 of the Code of 1924 provides:

"Whoever while in an intoxicated condition operates a motor vehicle shall upon conviction be sentenced to the penitentiary for a period not exceeding one year, or be punished by a fine of not more than one thousand dollars or by both such fine and imprisonment."

Nowhere in said legislation is there any indication that the offense contains the prerequisite of commission upon a public road or street, nor does the fact that it is found in the chapter

2. MOTOR VEHICLES: operation; operation while intoxicated: indictment: sufficiency. relating to motor vehicles and the "law of the road" signify that, because of said title, construction requires the implication that the definition is not complete without including, by inference, such unexpressed condition. See State v. Pike, 312 Mo. 27 (278 S. W. 725).

Important is the fact that throughout the chapter the legislators have limited the scope of the act to the public thoroughfares, if they so intended, and when the thought was otherwise, the omission expresses it. Automobiles have been declared dangerous instrumentalities, and it can be readily understood why their operation by intoxicated persons would not be allowed anywhere, for the very good reason that the influence of liquor upon the human mind is such that the addict might not remain off the public way, but because of said very loss of self-control, wander or recklessly drive the machine in

front- of or over others legitimately using the "road," often-times causing injury, destruction, or death. Immateriality, therefore, prevented the "amendment" from resulting in harm to the appellant.

Code of 1927, Section 13744, was not in effect at the time in question, and the same section of the 1924 Code controls. In the former, correction "of form" only was permitted, while in the latter, supplying of substance also is allowed. Error without prejudice, however, is the only result, because the use of the objectionable correction amounted to surplusage, and therefore inessentiality.

II. Previous discussion renders unnecessary a long continued dissertation upon appellant's complaint that the court failed to strike said "amendment." Technically, it may have been subject to removal; but in view of the fact that there was contained therein no necessary allegation, damage did not arise therefrom.

III. Equally without merit is the assertion that the statement of the facts constituting the misdemeanor is too general. Accusation was framed under the expressions and phraseology of said Section 5027 of the 1924 Code, and compliance was made in all respects with Section 13743 thereof.

IV. Unconstitutionality of said act cannot be urged by appellant on the theory that the punishment is unusual and excessive. Judgment here was that commitment be in the county jail for 60 days, and a fine of $100 be paid. There is nothing extraordinary or oppressive about that, under the circumstances. *State v. Overbay*, 201 Iowa 758; *State v. Giles*, 200 Iowa 1232; *State v. Webb*, 202 Iowa 633. A prerequisite to insist on the constitutional violation is the requirement that the statute assailed was prejudicial in its effect upon the challenger. Maximum punishment was not here imposed, but rather, a greatly reduced sentence.

3. CONSTITUTIONAL LAW: constitutionality: who may raise question.

No error appears in the record, and the judgment of the district court is affirmed.—*Affirmed*.

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.