TIMOTEO S. SALAZAR V. THE STATE.

No. 22399. Delivered February 10, 1943.
Rehearing Denied March 17, 1943.

The opinion states the case.

*O. B .Garcia,* of Brownsville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given three years in the penitentiary on a charge of failing to stop and render aid to a person whom he had struck by an automobile.

The only bill of exception in the case complains of the failure of the court to quash the indictment. The principal complaint against it is that, while the offense is alleged to have been committed in Cameron County, it is not alleged that he was driving on a public highway at the time it was committed. We gather from the very complicated brief filed in behalf of appellant that the chief contention is that Article 1150 of the Penal Code requires an allegation that the crime occurred on a public highway and that the article applies only to a violation occurring on public highways in Texas. Apparently there are some alternative contentions made in this brief which we cannot fathom with sufficient certainty to make a satisfactory assertion regarding the "points" that are intended to be raised.

If counsel had devoted a small portion of the time which he did spend on this brief in determining just how much of the rules regarding briefing of civil cases should be applied in this court, he undoubtedly could have saved himself a burdensome task and have been of considerable more assistance to us. His faithful efforts are appreciated but we do feel called upon, by reason of it, to direct his attention to the fact that such cumbersome briefs have no part in the appeal of a criminal case.

We find no difficulty in reaching a conclusion that Article 1150 of the Penal Code applies to an offense which it describes, whether the crime is committed on a public highway, a private drive, or one's individual property. Within the State of Texas there are thousands of miles of private roadways, through ranch and forest and were at the time of the original enactment, upon which automobiles travel. If it had been intended to apply the law only to public highways, undoubtedly the Legislature would have so indicated, as it has specifically done in the case of drunk driving and numerous other offenses. In the absence of some restriction or of language which would make it apply to public

highways alone, we may be assured that the Legislature intended for the law to apply at any place where such collision may occur.

As observed in the brief, the question of the constitutionality of the act has been passed upon by this court and sufficiently discussed in Scott v. State 233 S. W. 1097. If the language of the article had been ambiguous, resort may be had, as always, to the caption of the original act to determine its meaning. When the language is plain and clear, as in the article before us, resort to any record to aid in the construction of it is not necessary. Furthermore, since the passage of the act in 1917, our laws have been codified and re-enacted so that the original bill with its caption may or may not aid us in construing the article in its present form, depending upon the necessity for doing so. 39 Tex. Jur., sec. 88, page 160; sec. 93, page 176.

So far as we are able to determine, this is the first case in Texas raising the specific question as to the necessity for an allegation that the offense must be alleged to have been committed on a public highway. The title of the bill cannot be controlling as against the plain language of the act. The intention of the Legislature must control. A court is not authorized to resort to a technicality to construe a law contrary to its plain provisions. 39 Tex. Jur. 158, secs. 87 and 88. To hold that the title will control over the plain language of the statute would permit a mere shadow of a rule to prevail over that which must be considered supreme. The title, in this case, is merely ground for argument.

It is next contended that the indictment is so uncertain that appellant would be unable to plead a judgment in this case in bar of further prosecution. It is alleged to have been committed in Cameron County. The date and name of the injured party were given. This will be sufficient upon which to base a plea in bar of a further prosecution for the same offense.

The evidence did not call for a charge that the accused was only called upon to render such assistance "as appeared to him to be reasonably necessary." Evidence shows without dispute that he hit deceased and that he failed to stop and render any aid whatsoever. The body was found on the highway at a later hour and there is no evidence that appellant stopped or that he offered any kind of aid. In this state of fact, the charge of the court was proper.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant reiterates his contention that the indictment herein should have been quashed because the same does not allege that the offense therein charged took place upon a public highway. It is his contention that Art. 1150, P. C. only intended to and does denounce a collision upon a public highway, and that same infringes upon one's personal rights unconstitutionally if it attempts to regulate one's use of or conduct with a self-propelled vehicle upon one's own property. Therefore he says that the bare allegation of place as "in Cameron County" is bad for the reason that such statute can not punish collisions upon one's own property.

We are not impressed with the soundness of such a doctrine. One may own rightfully a pistol on his own property, and may use the same thereon, but the law would not allow its use in an assault merely because the assault was committed upon one's own property.

However, we see no present reason why we should be concerned with such doctrine because the facts herein show that the complained of collision did occur upon a public highway, and therefore could not have occurred upon appellant's own private property.

We see no reason to change the views expressed in our original opinion herein.

The motion will be overruled.