## STATE ex rel. ARMSTRONG v. CITY OF GLADEWATER.

### No. 6586.

Court of Civil Appeals of Texas. Texarkana.

Sept. 13, 1951.

Rehearing Denied Sept. 27, 1951.

Dan Moody, Austin, Ralph Prince, Gladewater, Angus G. Wynne, Dallas, R. L. Whitehead, J. N. Saye, Phil Brin and Hurst & Burke, all of Longview, for appellant.

Sadler, Hurwitz & Adams and D. S. Meredith, Jr., all of Longview, Charles F. Wellborn, Gladewater, for appellee.

HALL, Chief Justice.

This is a quo warranto proceeding filed July 27, 1950, by the State of Texas, acting through the District Attorney of Gregg County, upon the relation of Tom Armstrong against the City of Gladewater, a municipal corporation. It was alleged by the State of Texas in said proceeding that appellee, the City of Gladewater, had purported to annex to its city limits an area one-half mile in width under the provisions of Arts. 965 and 974, Vernon's Ann.Civ.St., and in attempting to add said half-mile strip the city acted in an arbitrary illegal manner. It is alleged further that Tom Armstrong owned property situated within the proposed extension of the city limits. It was also alleged that the act of the city in attempting to annex the one-half mile strip was consummated on November 29, 1949; that in truth and in fact the width of the strip of land sought to be annexed to the city at certain places was more than one-half mile in width; that a majority of the qualified voters residing in said strip did not sign the petition for admission into the city; that W. F. Starnes, one of the signers of the affidavit to the petition, was not a qualified voter as required by the statutes and did not live in the area at the time. Defendant answered by general and special denial and alleged that on March 17, 1950, which was prior to the filing of appellant's petition herein on the 27th day of July, 1950, the Fifty-first Legislature of Texas at its First Called Session, as shown on page 85, Ch. 22, of said Acts, and being Art. 974d–2, validated the extension by defendant city of its boundaries on the 29th day of November, 1949.

Trial was to the court without a jury and resulted in judgment that appellant State of Texas take nothing and that the defendant City of Gladewater go hence without day, etc.

Appellant requested of the trial court findings of fact and conclusions of law, in response to which the trial court filed findings of fact, all of which were in favor of appellee and the following conclusions of law also in favor of appellee:

"1. By virtue of plaintiff and relator failing to prove by a preponderance of legal and competent evidence the allegations contained in their pleadings and by virtue of the findings set forth above, said plaintiff and relator should take nothing by their said suit and the defendant, the City of Gladewater, Texas, should go hence with its costs without day and execution should issue in its behalf for its costs.

"2. Furthermore, the Fifty-first Legislature at its First Called Session passed an Act, page 85, Chapter 22, being Article 974d–2, Vernon's Annotated Civil Statutes of Texas, which Act became effective March 17, 1950, and thereby validated the extension of the boundary-lines of the City of Gladewater, as well as the proceedings in connection therewith as set forth in said proceedings and ordinance of November 29, 1949, which validation was prior to the commencement of this action which was filed on the 27th day of July, 1950."

Appellant makes the contention that this Act does not validate the acts of the City by its ordinance of November 29, 1949, for the reason that the caption is insufficient to include the portion of the Act attempting to validate the extension of the boundary lines of said city in November, 1949. Section 2 of said Act is: "The boundary

652

lines of all such cities and towns, including both the boundary lines covered by the original incorporation proceedings *and by any subsequent extension thereof,* are hereby in all things validated." The caption to said Act reads: "An Act validating the incorporation of all cities and towns of five thousand (5,000) inhabitants or less, *heretofore incorporated* or attempted to be incorporated under the General Laws of Texas; *validating the boundary lines thereof; validating governmental proceedings;* providing that this Act shall not apply to any city or town now involved in litigation questioning the legality of the incorporation; and declaring an emergency."

 It will be noted that the caption is one to validate the incorporation of all cities and towns in the class of five thousand inhabitants or less, heretofore incorporated or attempted to be incorporated. Not only does it attempt to validate the incorporation of said cities within the five thousand class but it also validates the boundary lines of said cities, which is the very heart of this lawsuit. It is clear to us that the caption here is sufficiently inclusive to cover the validating of the boundary lines of the City of Gladewater as established by the ordinance of November 29, 1949. We cannot agree with the contention of appellant that the intention of the Legislature in passing said validating act meant to validate only the boundaries of cities whose original incorporation had been defective. The very wording of the caption disputes such intention because it is clearly stated therein that it validated cities of the five thousand class *"heretofore incorporated* or attempted to be incorporated." It appears to us that the intention of the Legislature was, to validate not only the incorporation of cities in the five thousand class, but also to validate the boundary lines of said cities whether they had been *"heretofore incorporated* or attempted to be incorporated." The intention of the Legislature is shown by the plain provision of the Act itself and must control our action here in applying it. Salazar v. State, 145 Tex.Cr.R. 478, 169 S.W.2d 169; Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915; Borden v. Trespalacios Rice & Irrigation Co., Tex.Civ.App., 82 S.W. 461, affirmed 98 Tex. 494, 86 S.W. 11 and 204 U.S. 667, 27 S.Ct. 785, 51 L.Ed. 671; Lloyds Casualty Co. of New York v. Lem, Tex.Civ.App., 62 S.W.2d 497.

 It is our conclusion, after a careful study, of this record, that the validating Act set out above validates any irregularity in the ordinance of the City of Gladewater of November 29, 1949, in extending its city limits. Any other conclusion, in our opinion, would be contrary to the terms of the Act. (All italics ours).

All other contentions advanced by appellant have been carefully examined and, in the light of our holding expressed above, are without merit and are overruled.

The judgment of the trial court is affirmed.