Belknap,
No. 4716.

STATE *v.* FRANK GALLAGHER.

Argued December 1, 1959.

Decided December 31, 1959.

*Louis C. Wyman,* Attorney General, *John J. Zimmerman,* Assistant Attorney General and *James D. O'Neill,* county attorney (*Mr. Zimmerman* orally), for the State.

*Normandin & Normandin* (*Mr. Paul L. Normandin* orally), for the defendant.

KENISON, C. J.   The first issue in this case is whether the statute, making it a crime to fail to return to the scene of the accident after causing property damage, is restricted to accidents on public highways.   The statute in effect at the time of the alleged crime is RSA 262:23 and is popularly known as the hit-and-run statute.  *State* v. *Derosia,* 94 N. H. 228, 229.  See also, Table of New Hampshire Acts by Popular Names or Short Titles, vol. 1, Shepard's New Hampshire Citations, *pp.* 423, 429 (1959).   The pertinent part of this statute reads as follows:   "Any person operating a motor vehicle, knowing that injury has been caused by him to a person or to property, shall forthwith bring his vehicle to a stop, return to the scene of the accident, give to the operator of any other motor vehicle involved in said accident, and to the person, or the owner of the property, injured, his name and address, the number of the driver's license, the registration number of the motor vehicle and the name and address of each occupant thereof."

The definition of "way" in RSA 259:1 XXXV is as follows: "Any public highway, street, avenue, road, alley, park or parkway, or any private way laid out under authority of statute."   A private park or a private way not laid out under authority of statute does not constitute a way within the statutory definition. *Dow* v. *Latham,* 80 N. H. 492; *Summerfield* v. *Wetherell,* 82 N. H. 513; *State* v. *Michaud,* 98 N. H. 356.  It is true that most accidents occur on highways and it is also true, as the defendant argues, that most motor vehicle offenses are limited by their express terms in our statutes to conduct upon public highways or ways (RSA 259:1 XXXV) including public passage ways on government owned land.   RSA 263:83 (supp.).   Thus, for example, the offenses of reckless driving, driving under the influence of intoxicating liquor and driving in a grossly careless manner are specifically limited to offenses committed "upon any way."   RSA 262:15, 15-a and 19 (supp.); *State* v. *Duranleau,* 99 N. H. 30.   Likewise the so-called speed statute is confined by its express terms to the operation of a motor vehicle "on a highway."   RSA 263:53.   Consequently, if the speeding takes place on private property it is generally recognized that this is a valid defense to the statutory crime, since it is "not on a public highway."   New Hampshire Law Enforcement Manual, *p.* 14 (1959).

On the other hand, our hit-and-run statute (RSA 262:23), quoted in the first paragraph, is silent about where the offense may be committed and does not specify that it occur on a public highway or way. Generally speaking, if a motor vehicle statute makes no reference to the offenses occurring on a public highway "it is usually held that the statute applies generally throughout the state." Note, An Analysis of the Drunken Driving Statutes in the United States, 8 Vand L. Rev. 888, 894 (1955); *State* v. *Pike*, 312 Mo. 27; *State* v. *Dowling*, 204 Iowa 977. Although New Hampshire has not adopted the Uniform Vehicle Code the following comment on statutes similar to ours is pertinent: "While the Uniform Vehicle Code expressly says it shall apply 'upon highways and elsewhere throughout the state,' (sec. 10-101, Uniform Vehicle Code (1956) ) the same would be true of statutes which make no reference to the accident occurring on a highway as an element of the offense. In view of the salutary purpose of the law it is obvious that the legislatures intended to provide the same assurance and protection to all persons damaged or injured, regardless of where the accident occurs." Donigan & Fisher, Know The Law, *p*. 97 (1958).

There is no decision in this state which determines whether the hit-and-run statute applies to offenses committed upon private property. In *State* v. *Soucy*, 97 N. H. 233, it was not disputed that the offense occurred upon a public way and the discussion of the statute in that case was limited to that assumption. While the decisions are not numerous, cases from other jurisdictions have construed statutes similar to ours as not limited to public highways. In *Salazar* v. *State*, 145 Tex. Crim. 478, 479, 480, the court reasoned as follows: "We find no difficulty in reaching a conclusion that article 1150 of the Penal Code applies to an offense which it describes, whether the crime is committed on a public highway, a private drive, or one's individual property . . . . If it had been intended to apply the law only to public highways, undoubtedly the Legislature would have so indicated, as it has specifically done in the case of drunk driving and numerous other offenses. In the absence of some restriction or of language which would make it apply to public highways alone, we may be assured that the Legislature intended for the law to apply at any place where such collision may occur." To the same effect is *Meadows* v. *State*, 211 Miss. 557. *Cf*. *Sipe* v. *Moyers*, 353 Pa. 75; *Paduchik* v. *Mikoff*, 158 Ohio St. 533.

The fact that the Legislature did not specify that the hit-and-run offense should occur on public highways is some indication that they did not intend to so limit it. Although this statute has been amended from time to time since it was originally enacted in 1911 (Laws 1911, *c.* 133, *s.* 20) it has never required the offense to be committed upon a way or a public highway. The growing practice of banks, supermarkets, and amusement centers and other organizations to maintain large parking facilities for public convenience, although privately owned, is an added reason why the statute should not be restricted in scope in the absence of a clear legislative intent to do so. It is as necessary to public safety that an accident occurring on private property used by a large number of individuals be · reported as in the case of an accident on a public way. Accordingly, we conclude that the hit-and-run statute is not limited in its application to public highways or ways and includes in this case the parking lot of the Elks Club.

The increased use of automobiles under changing conditions points up the desirability of legislative re-examination of the sporadically amended provisions of the motor vehicle law so that inconsistencies may be removed in order to best protect the public interest.

The constitutionality of the hit-and-run statute was definitely established by *State* v. *Sterrin*, 78 N. H. 220. The constitutionality of the statute is not dependent upon the fact that a privilege to operate a motor vehicle usually is exercised on public highways. Whether the operation of a motor vehicle is considered a privilege or a right (*Opinion of the Justices*, 102 N. H. 183) it is subject to reasonable conditions in the interest of public safety. This thought was stated succinctly in *American Mut. &c. Ins. Co.* v. *Chaput*, 95 N. H. 200, 205: "While the requirements of our act are viewed as terms or conditions imposed upon the privilege of using the highways (*Rosenblum* v. *Griffin*, 89 N. H. 314), it does not follow that the conditions imposed must relate solely to accidents occurring upon the highways used under the privilege. *Continental Ins. Co.* v. *Charest*, 91 N. H. 378, 381; *Opinion of the Justices*, 94 N. H. 501, 503." RSA 262:23 is constitutional.

*Exceptions overruled.*

All concurred.