Isaiah HENIG, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 3750.

District of Columbia Court of Appeals.

Argued Oct. 11, 1965.

Decided Oct. 25, 1965.

---

Edward H. Kerman, Washington, D. C., for appellant.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

This is an appeal from conviction of the charge of violating Sec. 157(m) of Part I of the District of Columbia Traffic and Motor Vehicle Regulations which provides:

> "No owner of, operator of, or other person having custody of a motor vehicle in the District of Columbia shall allow or permit the same to be operated by any individual who is not a duly licensed operator."

The record reveals that one Norwood Sloan, an employee of appellant, proprietor of a car wash operation, while driving a motor vehicle in the driveway to the entrance of the car wash building, collided with a standing vehicle, causing both property damage and personal injuries. Sloan had no license to drive but had occasion five or six times a day to operate automobiles belonging to the car wash patrons. Appellant had observed Sloan drive the cars but had never questioned his doing so, although he testified he had never authorized Sloan to drive the cars but had assigned him to vacuuming them.

Although a number of errors are alleged, appellant primarily contends that Sec. 157 (m) is not applicable to private premises in the District of Columbia but requires licensing of a driver only when he operates a motor vehicle on a public highway. He insists the trial judge wrongfully interpreted the scope of the regulation.

Numerous court decisions hold that where the language of a motor vehicle statute does not restrict its application to public streets and highways the statute applies throughout the jurisdiction and extends to

both public and private property.[1] We believe this to be the proper statutory interpretation from the standpoint of public interest and safety and applicable to the traffic regulations promulgated under the District of Columbia Traffic Act. If Sec. 157 (m) had been intended to apply only to public highways, as is true of some other sections, such limitation could easily have been spelled out.

Moreover, whatever may be the private character of a driveway under other circumstances, it here was substantially altered by the nature of its use by appellant. The type of business and the extensive public use of the premises dictate that only licensed drivers should be permitted to operate automobiles left with appellant for cleaning. We agree with the District of Columbia that an automobile does not cease to be a dangerous instrumentality, less subject to regulation, merely because it is operated upon a semi-public driveway, as here.

▮ In the absence of any language which would make Sec. 157(m) applicable to public highways alone, we believe the Congressional intent was to require that motor vehicles be operated in the District of Columbia by licensed drivers, whether on public highways or in driveways and areas imbued with a wide-spread public use. We hold appellant was correctly charged and convicted.

Other alleged errors have been considered and found to be without merit.

Affirmed.

1. State v. Dowling, 204 Iowa 977, 216 N. W. 271 (1927); Farley v. State, 251 Miss. 497, 170 So.2d 625 (1965); State v. Haight, 2 Conn.Cir. 79, 194 A.2d 718 (1963); Valentine v. County of Brunswick, 202 Va. 696, 119 S.E.2d 486 (1961); State v. Sisti, 62 N.J.Super. 84, 162 A.2d 297 (1960); State v. Gallagher, 102 N.H. 335, 156 A.2d 765, 77 A.L.R.2d 1167 (1959); People v. Taylor, 202 Misc. 265, 111 N.Y.S.2d 703 (1952); State v. Harold, 74 Ariz. 210, 246 P.2d 178 (1952); Salazar v. State, 145 Tex.Cr.R. 478, 169 S.W.2d 169 (1943); 7 Am.Jur.2d Automobiles and Highway Traffic § 169, p. 724.