Kenneth R. **ELLIOTT**, Appellant,

v.

**CAPITOL CADILLAC–OLDSMOBILE COM-
PANY, a corporation, Appellee.**

No. 4239.

District of Columbia Court of Appeals.

Argued May 27, 1968.

Decided Sept. 5, 1968.

Frederick H. Evans, Washington, D. C., for appellant.

Cornelius H. Doherty, Washington, D. C., for appellee.

Before MYERS, KELLY and FICK-LING, Associate Judges.

MYERS, Associate Judge:

Appellant, a member of the Metropolitan Police Department, while directing traffic at an intersection, was struck and injured by the driver of a stolen automobile. Appellee corporation is an automobile dealership which also provides parking lots for cars that are brought to it for service or repair. The car that injured appellant had been stolen from one of these lots. Appellant filed suit against appellee.

At trial evidence established that appellee's employee left the keys to the car in the ignition, as was the custom on the lot. Appellant charged violation of Section 98 of Part I of the Traffic and Motor Vehicle Regulations of the District of Columbia.[1] Failure to comply with this regulation has been held to be negligence when that failure is a proximate cause of the damage. Ross v. Hartman, 78 U.S.App. D.C. 217, 139 F.2d 14, 158 A.L.R. 1370 (1943), cert. denied, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080. The trial judge, sitting without a jury, ruled that Section 98 does not apply to cars parked on private property and the regulation was therefore not applicable to the present case. He also held that, by its own terms, the regulation could apply only to cars left

1. No person driving, or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway.

"unattended," and that the motor vehicle in question was not unattended. From a judgment on the trial finding in favor of appellee, this appeal followed.

The primary question before us is whether the trial judge erred in ruling that Section 98, upon which appellant wholly relied to prove negligence on the part of appellee, compelled a finding of negligence. We think not.

Numerous court decisions hold that, where the language of a motor vehicle regulation does not specifically restrict its applicability to public streets and highways, it can be extended to both public and private property. In Henig v. District of Columbia, D.C.App., 213 A.2d 824 (1965), we held that Section 157(m) of Part I of the Traffic and Motor Vehicle Regulations of the District of Columbia, which prohibits any owner, operator or custodian of any motor vehicle from allowing it to be operated by any individual who is not a duly licensed operator, was intended to apply to unlicensed drivers "whether on public highways or in driveways and areas imbued with a wide-spread public use," there a car wash business. But this rule of construction should not be extended to limit the use of private premises by a property owner and apply to his automobile, or that of a guest, when parked on that property.[2] It should not be stretched to give a traffic regulation a distorted meaning or a meaning that was not intended by its drafters. If Section 98 were applied to motor vehicles parked on private property, one, who parks his car in a carport away from a public highway or, who puts his car in a closed garage, would be violating the regulation and subject to a criminal penalty merely because he left the keys in the car. He could also incur civil liability for damages should a thief trespass on the residential property and take the car from the carport or break into his garage and steal the car. We do not think this result was intended by the regulatory language.

■ We hold that Section 98 of the Traffic and Motor Vehicle Regulations applies only to cars left unattended on public property. The regulation is intended "to thwart the nefarious activities of any person tempted to steal [a car] because of the easy accessibility of the key," Myers v. Gaither, D.C.App., 232 A.2d 577, 582 (1967). When a car is made less accessible to possible removal by thieves because placed on private property and away from immediate public contact and visibility, the regulation, which lists a number of operations to be performed when leaving a car unattended, does not apply.

■ As appellant's only assignment of error is the finding of the trial judge that Section 98 does not apply to automobiles left on private property, and we find his ruling to be correct, we do not reach the question of his interpretation of Section 98 had it been applicable.

Affirmed.

KELLY, Associate Judge (concurring):

First, to be accurate, § 98, Art. XIV, of the Traffic and Motor Vehicle Regulations of the District of Columbia was not before the court in Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14 (1943), cert. denied, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080 (1944). The regulation then in effect specifically applied to vehicles which were allowed to stand or remain unattended "on any street or public place", language which has been omitted from § 98. Second, I do not think it distorts or is clearly contrary to the meaning intended by the drafters of the present regulations to place upon a driver the burden of locking an unattended vehicle when left either upon public property, quasi or otherwise, or upon private property, whether the vehi-

---

2. Even if the interpretation could be extended to cover private property, full

compliance with Sec. 98 would place an unreasonable burden upon car owners.

cle be carported, garaged, or left standing in the open. It also seems to me that, with or without a regulation, civil liability for damages can rest upon evidence that a thief trespassed upon private property and helped himelf to an unattended vehicle with the use of keys left in the ignition.[1] I concur in this affirmance only because the trial judge found that the vehicle in question was not unattended within the meaning of the regulation.

1. Cf. Schaff v. R. W. Claxton, Inc., 79 U.S. App.D.C. 207, 144 F.2d 532 (1944); R. W. Claxton, Inc. v. Schaff, 83 U.S.App.

D.C. 271, 169 F.2d 303, cert. denied, 335 U.S. 871, 69 S.Ct. 168, 93 L.Ed. 415 (1948).