Martha Betty LAUGHLIN, Plaintiff in Error,

v.

The CITY OF TULSA, Defendant in Error.

No. A–15779.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1972.

An appeal from the Municipal Court of the City of Tulsa; Thomas S. Crewson, Judge.

Frank R. Hickman, Tulsa, for plaintiff in error.

Curtis L. Culver, Tulsa City Prosecutor, Tulsa, for defendant in error.

BRETT, Judge.

Plaintiff in Error, Martha Betty Laughlin, hereinafter referred to as defendant, was convicted, by jury verdict, in the Municipal Criminal Court of the City of Tulsa, Case No. 94783, of violating City Ordinance § 182, leaving the scene of an accident, and sentenced to a fine of $100.00. Judgment and sentence was imposed on December 15, 1969, and this appeal perfected therefrom.

It is defendant's first contention that the trial court was without jurisdiction to entertain this prosecution since the accident did not occur on a public street, but occurred in the parking lot of a shopping center not owned or operated by the City. The Ordinance provides:

## "SECTION 182. ACCIDENT— DUTY TO STOP"

"(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or property, shall immediately stop his vehicle at the scene of such accident, or as close thereto as possible, return to and remain at the scene of the accident until he has given his name, address, and the registration number of his vehicle and shall upon request exhibit his driver's license to the person injured or the driver or occupant of, or person attending, any vehicle collided with, and shall render to any person injured in such accident reasonable assistance, including the carrying or making arrangements for the carrying of such person to a physician, surgeon or hospital for medical and surgical treatment if it is apparent that such treatment is necessary, or if such is requested by the injured person. Every stop shall be made without obstructing traffic more than is necessary."

"(b) Any person failing to stop or to comply with any of the requirements of this section shall be guilty of a misdemeanor and upon conviction thereof may be punished by a fine of not more than $50.00."

Upon reviewing the Ordinance, we find that its applicability is not limited by its terms to city or public streets. Generally, where the language of a motor vehicle statute does not restrict its application to public streets, the statute applies throughout the jurisdiction and extends to both public and private property. Henig v. District of Columbia, 213 A.2d 824 (D.C.App., 1965). Salazar v. State, 145 Tex.Cr.R. 478, 169 S.W.2d 169 (1943). Farley v. State, 251 Miss. 497, 170 So.2d 625 (1965). Valentine v. County of Brunswick, 202 Va. 696, 119 S.E.2d 486 (1961). 7 Am.Jur.2d, Automobiles and Highway Traffic, § 169, 60 C.J.S. Motor Vehicles § 20 b. In Henig v. District of Columbia, supra, involving a traffic violation in the driveway of a car wash building, the Court observed that "an automobile does not cease to be a dangerous instrumentality, less subject to regulation, merely because it is operated upon a semi-public driveway, as here." 213 A.2d at 826. Likewise, the obvious intent of § 182 is just as valid whether the accident occurs on a public street, or on a privately owned parking lot maintained and operated for general public use, which by its very nature, purpose and use, causes it to be a "quasi-public" facility.

■ Defendant further argues that the City had no authority to enact the Ordinance since a state statute, 47 O.S.1971, §§ 10–102, and 10–104, also makes leaving the scene of an accident a criminal offense. It is a well settled principle in this jurisdiction that a city may enact police regulations not inconsistent with general state statutes on the same subject. Ex parte Bochmann, 20 Okl.Cr. 78, 201 P. 537 (1921). That rule has been somewhat limited by recent legislation that a city "shall not have authority to enact any ordinance making unlawful an act or omission declared by state statute to be punishable as a felony." 11 O.S.1971, § 672 (b) and (c).

Since the Tulsa City Ordinance making it unlawful to leave the scene of an accident (§ 182) is not inconsistent with the state statute on the same subject, and since a violation of the state statute is not punishable as a felony, we find the City Ordinance to be valid and enforceable.

■ It is defendant's final contention that there was a violation of the hearsay rule to allow a witness to testify as to comments or statements she made to others not within defendant's presence. The defendant cites as error the questioning of a witness as to what she said to another person. Defendant cites no authorities in support of her position. The general rule holds that "evidence is hearsay when its probative force depends on the competency and credibility of some person other than the witness" testifying. In re Porter's Estate, 208 Okl. 475, 257 P.2d 517 (1953). In

the instant case, the probative force clearly depends upon the competency and credibility of the witness on the stand. The witness was questioned only as to her own statements, not statements of others, and she was available for cross-examination by the defendant.

We therefore hold that the court had jurisdiction and find no error requiring reversal. However, the Ordinance provides that upon conviction punishment shall be a fine of not more than $50.00. Accordingly, the sentencing judge had no authority to assess a fine of $100.00, and the fine must therefore be reduced to $50.00, the maximum provided by Ordinance. As so modified, the judgment and sentence is hereby affirmed.

Modified & affirmed.

BUSSEY, P. J., and SIMMS, J., concur.