The Attorney General is in receipt of your opinion request wherein you raised the following questions construing 47 O.S. 11-1007 [47-11-1007] and 47 O.S. 11-1108 [47-11-1108] (1980): 1. Does 47 O.S. 11-1007 [47-11-1007] (1980) allow for enforcement of Disabled Parking in places other than Public places such as private parking in an apartment complex or shopping center? 2. Does 47 O.S. 11-1007 [47-11-1007] (1980) discriminate by requiring a Doctor's Certificate of Disability? 3. Is the penalty for violation of 47 O.S. 11-1007 [47-11-1007] (1980) in line with similar parking violations? Title 47 O.S. 11-1007 [47-11-1007] (1980) allows for enforcement on "private property accessible to the public and where the public is invited or public property that is designated and posted as a reserved area for parking motor vehicles of a physically disabled person." The Oklahoma Court of Criminal Appeals stated in Laughlin v. City of Tulsa, Okl.Cr., 492 P.2d 1131, 1132 (1972) and quoted Laughlin in Houston v. State, Okl.Cr., P.2d (August 14, 1980), that ". . . . Generally, where the language of a motor vehicle statute does not restrict its application to public streets, the statute applies throughout the jurisdiction and extends to both public and private property . . ." An apartment complex, which is accessible to the public and where the public is invited, would be a place of enforcement of 47 O.S. 11-1007 [47-11-1007] (1980). Further, a shopping center is accessible to the public and invites the public to its facility; hence, it is a place of enforcement of 47 O.S. 11-1007 [47-11-1007] (1980). Title 47 O.S. 11-1007 [47-11-1007] (1980) does require a doctor's certificate of disability. Title 47 O.S. 11-1007 [47-11-1007] (1980) states that is is unlawful to park in a designated physical disability parking area unless the person is eligible for a detachable insignia. Title 47 O.S. 149.3 [47-149.3] (1973) requires a certificate of a physician licensed in Oklahoma for a person to be eligible to receive an insignia. Clearly, without the doctor's certificate, the definition of handicapped or physically disabled would be a personal and arbitrary decision. Accordingly, the state has a rational basis for requiring the doctor's certificate and therefore 47 O.S. 11-1007 [47-11-1007] (1980) does not discriminate by requiring a Doctor's Certificate of Disability. Title 47 O.S. 11-1007 [47-11-1007](B) (1980) states that a violation of this statute shall be a misdemeanor and upon conviction such person shall not be fined more than fifty dollars ($50.00) plus removal charges of his vehicle. The question of whether the penalty for a violation of 47 O.S. 11-1007 [47-11-1007] (1980) is in line with similar parking violations is a question of fact. To respond to this question, it would necessitate researching all parking ordinances in every municipality of the State of Oklahoma. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) Title 47 O.S. 11-1007 [47-11-1007] (1980) allows for enforcement of handicap parking in places other than public places; (2) Title 47 O.S. 11-1007 [47-11-1007] (1980) does not unlawfully discriminate by requiring a Doctor's Certificate of Disability; (3) The question of whether the penalty for violation of 47 O.S. 11-1007 [47-11-1007] (1980) is in line with similar parking violations is a question of fact and cannot be answered as a matter of law. (Susan Talbot)