**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

September 2016 Term

_____

No. 15-1044

_____

**FILED**

**October 26, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PATRICIA S. REED,**
**Commissioner of the West Virginia Division of Motor Vehicles,**
**Petitioner**

**v.**

**JOSHUA D. BECKETT,**
**Respondent**

_____

**Appeal from the Circuit Court of Monroe County**
**The Honorable Robert A. Irons, Judge**
**Civil Action 15-C-25**

**REVERSED AND REMANDED**
_____

Submitted: October 12, 2016
Filed: October 26, 2016

Patrick Morrisey
Attorney General
Elaine L. Skorich
Assistant Attorney General
Charleston, West Virginia
Counsel for the Petitioner

Jeffry A. Pritt, Esq.
Pritt Law Firm, PLLC
Union, West Virginia
Counsel for the Respondent

**CHIEF JUSTICE KETCHUM delivered the Opinion of the Court.**

**JUSTICE BENJAMIN dissents, and reserves the right to file a separate opinion.**

**SYLLABUS BY THE COURT**

1.      "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."  Syllabus Point 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970).

2.      The Legislature's definition of the phrase "in this State" in W.Va. Code § 17C-5-2a(a) [1983] extends the reach of our driving-under-the-influence laws to any individual driving a vehicle within the physical boundaries of West Virginia, even if the vehicle is driven only upon private property not open to the general public.

3.      *State v. Ball*, 164 W.Va. 588, 264 S.E.2d 844 (1980) is overruled to the extent that it conflicts with this opinion.

i

Chief Justice Ketchum:

In this appeal from the Circuit Court of Monroe County, we are asked to consider whether a person may lose his/her driver's license because, while under the influence of alcohol, he/she operated a vehicle[1] solely upon private land. West Virginia Code § 17C-5-2a(a) [1983], at its core, prohibits intoxicated driving "anywhere within the physical boundaries of this State." Through the adoption of this statute, the Legislature extended West Virginia's driving-under-the-influence statutes to proscribe driving while intoxicated upon private property. Hence, we hold that an individual may lose his/her driver's license if they are found driving a vehicle anywhere within the physical boundaries of West Virginia while under the influence of alcohol (and/or drugs), even if the vehicle is driven only upon private property not open to the general public.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

The essential facts in this case are undisputed. Around 1:00 a.m. on February 4, 2012, respondent Joshua Beckett was driving an unlicensed all-terrain vehicle ("ATV") on family-owned farm land, in a field that was not open to the public, in Monroe County, West Virginia. Mr. Beckett wrecked the ATV and was injured. A

---

[1] "'Vehicle' means every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks or wheelchairs." W.Va. Code § 17C-1-2 [2002]. Additionally, a person "who drives a motor vehicle in this State" impliedly consents to the license revocation procedures outlined in W.Va. Code §§ 17C-5A-1 to -4. W.Va. Code § 17C-5A-1(a) [2008].

1

companion called 911 and then transported Mr. Beckett to a highway to be loaded into an ambulance. An emergency medical technician in the ambulance noted the smell of alcohol on Mr. Beckett, and later testified that Mr. Beckett said he had consumed alcohol before he wrecked.

At the hospital, tests allegedly showed Mr. Beckett's blood alcohol content was 0.17%.[2] A sheriff's deputy thereafter charged Mr. Beckett with the criminal offense of driving while under the influence of alcohol ("DUI") with a blood alcohol content greater than 0.15% (also called aggravated DUI).[3] That charge was ultimately dismissed by a magistrate.

While the criminal charge was pending, the sheriff's deputy notified the petitioner, the Commissioner of the West Virginia Division of Motor Vehicles

---

[2] Mr. Beckett argues that these blood test results are inadmissible and cannot be used against him. We leave resolution of that argument to the circuit court on remand.

[3] The law then in effect, W.Va. Code § 17C-5-2(e) [2010], provided in full:

> (e) Any person who drives a vehicle in this state while he or she has an alcohol concentration in his or her blood of fifteen hundredths of one percent or more, by weight, is guilty of a misdemeanor and, upon conviction thereof, shall be confined in jail for not less than two days nor more than six months, which jail term is to include actual confinement of not less than twenty-four hours, and shall be fined not less than two hundred dollars nor more than one thousand dollars. A person sentenced pursuant to this subdivision shall receive credit for any period of actual confinement he or she served upon arrest for the subject offense.

W.Va. Code § 17C-5-2 was modified in 2015 and 2016, and paragraph (e) was substantially amended. However, none of those changes affect the current case.

2

("Commissioner"), that Mr. Beckett had been driving a motor vehicle in West Virginia while under the influence of alcohol. Effective May 9, 2012, the Commissioner entered an order revoking Mr. Beckett's privilege to drive for 45 days. Mr. Beckett appealed and the revocation was stayed.

A hearing was conducted by the Office of Administrative Hearings. Mr. Beckett argued to the administrative law judge that his license could not be revoked because he was driving the unlicensed ATV only upon private, family-owned land, and there was no evidence he was driving on a public street or highway. The administrative law judge rejected his argument and upheld the Commissioner's revocation order.

Mr. Beckett then appealed to the circuit court and made the same argument. In an order entered September 30, 2015, the circuit court reversed the decision from the Office of Administrative Hearings. The circuit court concluded that because Mr. Beckett's "actions did not occur on land open to public use," the Commissioner had no jurisdiction to revoke Mr. Beckett's driving privileges.

The Commissioner now appeals the circuit court's September 30, 2015, order.

## II.
## STANDARD OF REVIEW

"On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A–5–4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are

3

accorded deference unless the reviewing court believes the findings to be clearly wrong."[4]

## III.
## ANALYSIS

The Commissioner may administratively revoke a person's license to drive if the Commissioner determines that the person violated a criminal DUI statute.[5] The statute under which Mr. Beckett was charged, W.Va. Code § 17C-5-2(e) [2010], criminalized being a "person who *drives a vehicle in this state*" while being under the influence (emphasis added). The parties' arguments center upon what it means to drive a vehicle in this State. The question presented by the parties is this: does the Commissioner have the authority to revoke the license of a person who drives a vehicle under the influence anywhere within the physical boundaries of this State? Or is the Commissioner's administrative jurisdiction limited to DUI offenses that occur only on public streets, public highways, and those private thoroughfares open to public use?

West Virginia Code § 17C-5-2a(a) [1983] provides the following definition of the phrase "in this State," when it is used in a DUI statute:

> For purposes of this article [pertaining to criminal DUI] and article five-A [pertaining to administrative license revocation for DUI] of this chapter, the phrase *"in this State" shall mean anywhere within the physical boundaries of this State,*

---

[4] Syl. pt. 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

[5] *See* W.Va. Code § 17C-5A-1(c) [2008].

4

including, but not limited to, publicly maintained streets and highways, and subdivision streets or other areas not publicly maintained but nonetheless open to the use of the public for purposes of vehicular travel.

(Emphasis added).

Mr. Beckett argues that the circuit court correctly found that any interpretation of "in this State" within W.Va. Code § 17C-5-2a(a) must be limited by this Court's 1980 holding in *State v. Ball*.[6] In *Ball*, the Court found that a defendant could not be charged for driving while intoxicated on a private parking lot, because the law then in effect limited the application of the DUI statutes "exclusively to the operation of vehicles upon streets and highways[.]"[7] The circuit court was persuaded by our statement in *Ball* that "if chapter 17C [containing our DUI law] is to apply elsewhere than upon streets and highways a different place must be specifically set forth" by the Legislature.[8] The circuit court applied this language from *Ball* interpreting the DUI laws from the 1970s to conclude the Commissioner has no jurisdiction to apply our DUI laws to an intoxicated defendant driving on private farm land.

The Commissioner points out that in 1981, subsequent to *Ball*, the Legislature amended the DUI statutes, adopted W.Va. Code § 17C-5-2a(a) to give an expanded meaning to the phrase "in this State," and effectively overruled *Ball*. The

---

[6] *State v. Ball*, 164 W.Va. 588, 594, 264 S.E.2d 844, 847 (1980).

[7] The pertinent statute, W.Va. Code § 17C-2-1, had been adopted in 1972. The defendant was arrested in 1976. *State v. Ball*, 164 W.Va. at 593, 264 S.E.2d at 847.

[8] 164 W.Va. at 594, 264 S.E.2d at 847.

Commissioner contends that the plain meaning of this statute, which has not been amended since 1983, is that a person cannot drive anywhere within the physical boundaries of this State while under the influence. We agree with the Commissioner that the statute is unambiguous.

In deciding the meaning of a statutory provision, "[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed."[9] "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."[10] "A statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or

---

[9] *Appalachian Power Co. v. State Tax Dep't*, 195 W.Va. 573, 587, 466 S.E.2d 424, 438 (1995). *See also* Syl. pts. 1 and 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968) ("1. Courts always endeavor to give effect to the legislative intent, but a statute that is clear and unambiguous will be applied and not construed. 2. Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation."); Syl. pt. 5, *State v. Gen. Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W.Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."); Syl. pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.").

[10] Syl. pt. 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970).

6

more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning."[11]

W.Va. Code § 17C-5-2a(a) is clear and unambiguous. Through its definition of the phrase "in this State," the Legislature made the act of driving while intoxicated a revocable offense "anywhere within the physical boundaries of this State." The Legislature chose to structure our DUI statutes to regulate the condition of the driver, not the locale in which the driving is taking place. Thus, the Legislature expressed its plain intent to prohibit an intoxicated person from driving a vehicle anywhere in West Virginia, whether on public roads or across private land.

Mr. Beckett cites a case from the State of Washington, involving DUI laws similar to West Virginia's, where the court concluded that it was an unreasonable extension of the legislature's police power to prohibit intoxicated persons from driving on private land.[12] He argues that the same reasoning applies here: while drunk drivers are generally a menace to society whose conduct should be regulated, this Court should read the statute to say that a driver on private land, who poses no danger to the general public, is exempt from regulation.

Our research, however, reveals court cases from nearly two dozen jurisdictions that have reached the exact opposite conclusion: if state law criminalizes the

---

[11] *Sizemore v. State Farm Gen. Ins. Co.*, 202 W.Va. 591, 596, 505 S.E.2d 654, 659 (1998) (internal quotations and citation omitted).

[12] *State v. Day*, 638 P.2d 546, 548 (1981).

7

operation of a motor vehicle while intoxicated, and the law contains no geographic

constraint, then the courts will not read into the statute a requirement that the vehicle be

operated exclusively on a public highway.[13]  These courts have generally concluded that

---

[13] *See*, *e.g.*, *Madden v. State*, 555 S.E.2d 832, 834 (Ga. App. 2001) (Statute making it unlawful to "drive or be in actual physical control of any moving vehicle" while intoxicated "draws no distinction between driving on public roads versus private thoroughfares."); *State v. Allen*, 431 S.E.2d 563, 564 (S.C. 1993) (Statute making it "unlawful for any person under the influence of intoxicating liquor 'to drive any vehicle within this State' . . . by its terms is not limited to public highways but applies anywhere within our State boundaries."); *Sanders v. State*, 846 S.W.2d 651 (Ark. 1993) (statute making it "unlawful . . . for any person who is intoxicated to operate or be in actual physical control of a motor vehicle" applied when driving vehicle into a ditch on private, company road); *People v. Malvitz*, 14 Cal. Rptr. 2d 698, 701 (Cal. App. 1992) (DUI statute applicable "to vehicles upon the highways and elsewhere throughout the State" prohibits "persons from driving anywhere in California" while intoxicated, including gated storage area); *State v. Watson*, 787 P.2d 691, 692 (Haw. 1990) (Nothing in DUI statute "requires that the operation of a vehicle while under the influence of intoxicating liquor be done on a public highway."); *Chilcutt v. State*, 544 N.E.2d 856, 858–59 (Ind. Ct. App. 1989) ("the statute prohibiting operating a vehicle while intoxicated applied to not only operation of a vehicle while intoxicated upon a public highway, but also prohibits operation of a vehicle while intoxicated on private property."  Defendant was found near overturned pickup truck on private property in rural area.); *Allen v. Girard*, 745 P.2d 192, 194 (Ariz. Ct. App. 1987) (statute making it "unlawful . . . for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state" applied when driving vehicle in a private subdivision); *State v. MacDonald*, 527 A.2d 758, 759 (Me. 1987) (Statute regulating person who "operates or attempts to operate a motor vehicle" while intoxicated "is plainly applicable to private as well as public ways."); *Zink v. State*, 448 So. 2d 1196, 1197 (Fla. Dist. Ct. App. 1984) ("The phrase 'within this state' is not ambiguous and very lucidly indicates the legislature's intent to encompass all lands in the state."  Intoxicated defendant was "spinning donuts" on a private construction site.); *Dayhoff v. State, Motor Vehicle Div.*, 595 P.2d 1051, 1053 (Colo.App. 1979) (statute criminalizing DUI "upon streets and highways and elsewhere throughout the state" interpreted to mean "the substantive offenses of driving under the influence and driving while impaired apply regardless of where the 'driving' occurs," including a private parking lot and a one-vehicle accident on private property); *People v. Guynn*, 33 Ill. App. 3d 736, 739, 338 N.E.2d 239, 241 (1975) (in DUI statute, "the words 'elsewhere throughout the State' encompass all areas of the State, public or private."); *State v. Layssard*, 310 So. 2d 107, 110 (La. 1975) ("The statute

(continued . . .)

the phrase "within this state" is not ambiguous and indicates the legislature's intent to prohibit operation of a vehicle while intoxicated anywhere within the boundaries of the state, whether upon public or private land. Courts in all of our neighboring states have reached the same conclusion.[14]

---

(R.S. 14:98) does not limit the prohibition of drunk driving to highways, and evidence of driving while intoxicated, even in the neighbor's yard, would constitute some evidence of the offense."); *State v. Bruce*, 231 A.2d 107, 109 (Vt. 1967) (DUI statute "does not provide that the offense here involved must have been committed on an established, laid out, or public highway."); *Farley v. State*, 170 So. 2d 625, 627 (Miss. 1965) ("[N]o vehicle, which also included a motor vehicle, can be lawfully driven within this state in any place, be it public or private, if the driver is under the influence of intoxicating liquor, or the other drugs, etc., condemned by the statute. These prohibitions are directed toward the condition of the operator."); *State v. Piette*, 16 Conn. Supp. 357, 357 (Super. Ct. 1949) (statute providing "No person shall operate a motor vehicle while under the influence of intoxicating liquor or of any drug" applies to operation of vehicle on private property); *State v. Weston*, 202 S.W.2d 50, 53 (Mo. 1947) (DUI statute "does not require that the motor vehicle must have been operated upon a public highway."); *State v. Dowling*, 216 N.W. 271 (Iowa 1927) (Statute applied to "Whoever while in an intoxicated condition operates a motor vehicle." "Nowhere in said legislation is there any indication that the offense contains the prerequisite of commission upon a public road or street[.]"). *See also*, Damian Edward Okasinski, "Applicability, to operation of motor vehicle on private property, of legislation making drunken driving a criminal offense," 52 A.L.R.5th 655 (1997).

[14] *See, e.g.*, *Gray v. Com.*, 477 S.E.2d 301, 302 (Va. App. 1996) (statute making it "unlawful for any person to drive or operate any motor vehicle" under the influence applied to driving vehicle in private parking lot); *Lynch v. Com.*, 902 S.W.2d 813, 814 (Ky. 1995) ("The legislature, by effectuating a change in the language from *upon a highway* to *anywhere in this state*, explicitly intended to extend the prohibition against driving while intoxicated beyond the public highways so as to include the entire state."); *Locklear v. State*, 614 A.2d 1338, 1341 (Md.App. 1992) (the provisions of DUI statute "apply whether one is driving on or off a highway"); *State v. Frank*, 442 N.E.2d 469, 470 (Ohio App. 1981) (Statute saying no intoxicated person "shall operate any vehicle . . . within this state" applies to the operation of a vehicle on private property as well as public streets and highways); *Commonwealth v. Campbell*, 28 Pa. D. & C. 260, 266 (1936) ("Public safety is not restricted to public highways. There is no place in this Commonwealth, and there should be none, where any of the people may be denied the

(continued . . .)

We conclude that the Legislature's definition of the phrase "in this State" in W.Va. Code § 17C-5-2a(a) [1983] extends the reach of our DUI laws to any individual driving a vehicle within the physical boundaries of West Virginia, even if the vehicle is driven only upon private property not open to the general public. Furthermore, *State v. Ball*[15] is overruled to the extent that it conflicts with this opinion.

## IV.
## CONCLUSION

The circuit court in this case determined that, because of this Court's ruling in *Ball*, Mr. Beckett's operation of an ATV on private family-owned land could not be regulated by the Commissioner under W.Va. Code § 17C-5-2a(a). This conclusion was plainly a wrong interpretation of our DUI statutes and must be reversed.

The circuit court's order of September 30, 2015, is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

---

protection of its laws regarding safety to life and limb. Public safety obliterates all private boundaries and transcends all private interests.").

[15] *State v. Ball*, 164 W.Va. 588, 264 S.E.2d 844 (1980).