STATE OF CONNECTICUT v. WILFRED J. PIETTE

SUPERIOR COURT                                    HARTFORD COUNTY

Memorandum filed November 2, 1949.

*Albert S. Bill,* State's Attorney, and *Joseph V. Fay, Jr.,* Assistant State's Attorney, for the State.

*Francis P. Pallotti,* of Hartford, for the Defendant.

ROBERTS, J. The defendant has demurred to the information as made more specific on the grounds that the operation of a motor vehicle is stated to have occurred on private property and not on a public highway.

The information alleges a violation of § 2412 of the General Statutes. Said section provides: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or of any drug. . . ." The defendant contends that a violation of the regulation under this section can only be upon a public highway and where a license is required.

An examination of the history of the statute clearly shows that the legislature intended the regulation to apply even though the violation occurred at a place other than upon a public high-

way. The earliest provision of the statutes on this subject is apparently chapter 221, Public Acts, 1907, where it was provided in § 13 as follows: "No person shall operate a motor vehicle on the public highways of this state, when intoxicated, or in a race, or on a bet or wager." By chapter 333, Public Acts, 1917, § 18, the statute was changed to provide as follows: "No person shall operate a motor vehicle while under the influence of intoxicating liquors or drugs." In 1921 the motor vehicle department was established and the laws relating to motor vehicles were added to and in some instances changed. The statute under discussion was then changed slightly under Public Acts, 1921, chapter 400, § 30, which provided: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or of any drug. . . ."

It is also significant to note that the original 1907 statute was divided, and the portion concerning operating in a race or on a bet or wager retained the provision that it be upon a public highway. Said provision appeared in said chapter 400 of the 1921 Public Acts as § 31 (b), which provided: "No person shall operate a motor vehicle upon any public highway for a wager or for any race or for the purpose of making a speed record." The legislature also had the provision relative to operating while under the influence of liquor again under consideration when it confirmed the 1918, 1930 and 1949 revisions of the General Statutes, and again specifically in 1939, when it by § 496e of the 1939 Cumulative Supplement changed the penalty for a violation thereof.

There are other provisions of the motor vehicle laws which do not provide that the violations thereof must occur upon a public highway, such as General Statutes § 2410 (a), "Evading responsibility"; § 2416, "Operation without carrying operator's license"; § 2417, "Using motor vehicle without owner's permission"; and others.

Thus it would appear to the court that the legislature, for such reasons as it may have had, intended without question that the operation, in order to violate this statute, need not necessarily occur on a public highway.

In the instant situation, as set forth in the more specific statement, the allegations of which are necessarily admitted by the demurrer, it would appear that the operation was upon property which had at least a quasi-public use. The legislature might well

have had in mind that the operation of a motor vehicle while under the influence of liquor is an act which is dangerous to the public wherever it may occur.

Where the legislation does not require that it be upon a public road or street, it has been held that the construction of the statute did not require that it be included by inference. *State* v. *Dowling,* 204 Iowa 977, cited in note, 68 A. L. R. 1359. Where the statute so provides, operation of a vehicle on a public street or highway is an essential element of the offense, but operation of a vehicle in a private place is sufficient to constitute the offense where the statute penalizes the operation of a motor vehicle while intoxicated. 61 C. J. S. 721, § 629, and cases cited. Under a statute prohibiting the operating of a motor vehicle while in an intoxicated condition, it is not required, and it is not an element of the offense, that the driving be done on a public highway. The particular section of the statute in question "is not a road regulation, but a prohibition against an intoxicated person driving an automobile." *State* v. *Pike,* 312 Mo. 27, 30, cited in note, 49 A. L. R. 1394.

Counsel for the defendant refers to the case of *Turner* v. *State,* 109 Tex. Crim. Rep. 508, 509, as being authority that "It is not an offense to drive an automobile while intoxicated unless it be driven on a public road or other prohibited place." This case which was decided in 1928, and *McFadden* v. *State,* 108 Tex. Crim. Rep. 166 (1927), were both decided under the existing Texas statute which, unlike the Connecticut statute, contains the provision that it be upon a public road or highway. Article 802 of the Texas Penal Code, Rev. 1925, which apparently was the same as was in effect when the above cases were decided, provides in part: "Any person who drives or operates an automobile or any motor vehicle upon any street or alley . . . within the limits of any incorporated city . . . or upon any public road or highway in this State while such person is intoxicated . . . ." Thus it appears that said cases are not in point when considering the Connecticut statute.

Counsel for the defendant has raised the question of constitutionality but has not pointed out to the court the specific constitutional provisions which he claims this statute violates. Counsel also states, in an informal written reference to the law on the subject of constitutionality, "I have not been able to find anything definitely in point". Counsel cite on this point the cases of *Silver* v. *Silver,* 108 Conn. 371, 377; *State* v. *Andrews,*

108 Conn. 209, 212; and *John J. McCarthy Co.* v. *Alsop,* 122 Conn. 288. None of these cases, however, declare the particular statute or regulation under consideration therein to be unconstitutional, and they do not appear to be authority for the court to hold that the statute now under consideration is unconstitutional.

The court has already pointed out above that the intention of the legislature is clear. It is a reasonable legitimate exercise of the police power. It does not appear that the legislature has abused its discretion "to determine not only what the interests of public health, security and morals require, but what measures are necessary for the protection of such interests." *Cotter* v. *Stoeckel,* 97 Conn. 239, 244. The defendant has not pointed out, nor does it appear, that the act in question is so unreasonable that it should be declared unconstitutional by the court. *State* v. *Bassett,* 100 Conn. 430, 433; *Lyman* v. *Adorno,* 133 Conn. 511, 514.

For the foregoing reasons the demurrer is overruled on all grounds.