STATE OF CONNECTICUT v. GRANT C. HAIGHT

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 10-7225

Argued December 21, 1962—decided April 18, 1963

*Sidney Axelrod,* of New London, for the appellant (defendant).

*Hyman Wilensky,* prosecuting attorney, for the appellee (state).

HAMILL, J. The finding, which is unchallenged, reveals that the defendant operated his motor vehicle upon a private parking lot adjacent to a public restaurant while under the influence of intoxicating liquor and at a time when his license to operate a motor vehicle was under suspension. The parking lot was not a public highway. The sole issue is whether a motor vehicle operator can be guilty of the crimes of operating a motor vehicle while under the influence of intoxicating liquor (§ 14-227) and of operation while license is suspended (§ 14-215) when such operation does not occur on a public highway.

Section 14-227 provides that no person shall operate a motor vehicle while under the influence of intoxicating liquor or of any drug. The issue raised here was squarely and carefully considered in *State v. Piette,* 16 Conn. Sup. 357, 358, where the court concluded that the legislature "intended without question that the operation, in order to violate this statute, need not necessarily occur on a public highway." Also, it has been our experience that the trial courts of this state, prior and subsequent to such expressed interpretation, have applied a like interpretation. If the legislature did not agree with or approve of the interpretation placed upon

this statute in the *Piette* case, supra, then, certainly, in one of the many legislative sessions in the interim, the legislature would or could have, by amendment, removed any question concerning its intentions as to scope; but this it has seen fit not to do. The fact that this section has remained unchanged is tacit approval by the legislature of the construction placed upon it by our trial court.

The defendant, in a well-written brief, claims that the legislature has, by its action since the *Piette* case, indicated its intention that § 14-227 should apply only to operation on the public highway. He claims that while in the 1949 Revision of the statutes the section in question was under a part entitled "Operation," it is now located within chapter 248, entitled "Use of the Highway by Vehicles." In advancing this theory, however, the defendant has mistakenly attributed to legislative action what was in fact the work of the legislative commissioner, who was directed by the legislature to prepare the 1958 Revision in such "number of volumes as would provide facility of use and coherence of sections." See Preface, General Statutes, p. 3. In fact, no longer is there any part entitled "Operation." The defendant does not attempt to explain why the legislature should have been so devious or so mask its intention when it could easily have removed all doubt, as previously stated, by the addition to this section of the words "on the public highway."

The defendant claims also that the legislature has evidenced its intention to limit the application of this statute to public highways by redefining the word "vehicle" from one "suitable for use on the highway" to one "used on the public highways." This is not so. See General Statutes § 14-212; Rev. 1949, § 2488; Rev. 1930, § 1638. But even were this so, the defendant would gain nothing, because § 14-227 concerns itself not with a "vehicle" but

with a "motor vehicle." All motor vehicles are vehicles, but not all vehicles are motor vehicles. Attention is called to the innumerable instances where "vehicle," as distinguished from "motor vehicle," is used in chapter 248.

We come now to a consideration of the defendant's second claim, that § 14-215 is not violated unless the operation is on the public highway. Section 14-215 provides that no person to whom an operator's license has been refused, or whose operator's license or right to operate a motor vehicle in this state has been suspended or revoked, shall operate any motor vehicle during the period of such refusal, suspension or revocation. The defendant's license was under suspension on the date charged in the information. To ascertain what was suspended, we must refer to the licensing provision, § 14-36, which provides, in part, that "[n]o person shall operate a motor vehicle upon any public highway of this state until he has obtained from the commissioner a license for such purpose . . . ." The license, therefore, permits operation upon the public highway; accordingly, a suspension of a license suspends the permission of a person to operate on any public highway. Conversely, since the defendant was not licensed to drive on private property, the suspension of his license would not affect his right to drive on private property. Section 14-36 is not an absolute prohibition against operating a motor vehicle without a license.

There is no error as to the conviction of the defendant of operating a motor vehicle while under the influence of intoxicating liquor; there is error as to the judgment of guilty on the charge of operating a motor vehicle while his license was under suspension and in the finding that he was a second offender; the case is remanded with direction to

modify the judgment so as to adjudge the defendant not guilty on the charge of operating a motor vehicle while his license was under suspension.

In this opinion KOSICKI and DANNEHY, Js., concurred.