STATE OF CONNECTICUT *v.* JOHN TUCKUS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NOS. CR 4-11172, MV 4-11692

Argued March 13—decided June 9, 1967

*Julius Watstein,* of Bristol, for the appellant (defendant).

*Francis M. McDonald,* deputy chief prosecuting attorney, for the appellee (state).

PRUYN, J. In a trial to the jury, the defendant was convicted of the crime of evading responsibility in violation of § 14-224 of the General Statutes[1] and has appealed, assigning as error the denial of his

---

[1] "Sec. 14-224. EVADING RESPONSIBILITY IN OPERATION OF MOTOR VEHICLES. RACING. (a) Each person operating a motor vehicle who is knowingly involved in an accident which causes injury, whether or not resulting in death, to any other person or injury or damage to property shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license and registration number to the person injured or to the owner of the injured or damaged property, or to any officer or witness to the death of any person or to the injury to person or injury or damage to property, and if such operator of the motor vehicle causing the death or injury of any person or injury or damage to any property is unable to give his name, address and operator's license number and registration number to the person injured or the owner of the property injured or damaged, or to any witness or officer, for any reason or cause, such operator shall immediately report such death or injury of any person or injury or damage to property to a police officer, a constable, a state police officer or an inspector of motor vehicles or at the nearest police precinct or station, and shall state in such report the location and circumstances of the accident causing the death or injury of any person or the injury or damage to property and his name, address, operator's license number and registration number. (b) No person shall operate a motor vehicle upon any public highway for a wager or for any race or for the purpose of making a speed record. . . ."

motion for a directed verdict, the refusal of the court to charge the jury as requested, the denial of his motion to set the verdict aside and the denial of his motion for judgment non obstante veredicto.

There is no dispute as to the facts pertinent to this appeal, which briefly summarized are as follows: Charles Wentworth drove his automobile into the Merit Service Station in Waterbury and after parking it upon the driveway area of the service station opened the door to get out. At this point the defendant backed his automobile into the Wentworth automobile, striking and damaging its door. Wentworth asked the defendant to wait for the police, which he refused to do but drove away before the police arrived. Before the defendant drove off Wentworth asked him for his license and registration, which the defendant refused to produce.

The sole question of law briefed and argued by the defendant and underlying all of his assignments of error is whether this "hit and run" statute applies where, as here, the incident occurred on private property and not on a public highway. This statute originated in 1917 in substantially its present form. In neither the original statute nor subsequent amendments or revisions of the general statutes does the statute contain the words "upon a public highway" or "upon the highways of the state" or any other words limiting its application to highways.[2] Thus on its face the statute is not limited in any respect. The defendant argues in his brief that because the statute requires the production of an operator's license and registration and because no

_____

[2] Public Acts 1917, c. 333 § 20; Rev. 1918 § 1539 (d); Public Acts 1921, c. 400 § 31; Rev. 1930 § 1584; Sup. 1941 § 232f; Rev. 1949 § 2410 (a); Public Acts, Spec. Sess., Sept. 1957, No. 11 § 8; General Statutes § 14-224 (a).

license or registration is necessary for the operation of a motor vehicle on private property and also because the statute is contained in chapter 248, entitled "Use of the Highway by Vehicles," the legislative intent is to limit the application of the evading responsibility statute to operation of a motor vehicle on public highways.

"The fundamental rule for the construction of statutes is to ascertain the intent of the legislature. This intention must be ascertained from the Act itself, if the language is plain. But when the language used is doubtful in meaning, the true meaning may be ascertained by considering it in the light of all its provisions, the object to be accomplished by its passage, its title, pre-existing legislation upon the same subject, and other relevant circumstances." *Hazzard* v. *Gallucci,* 89 Conn. 196, 198. "To find the legislative intent we look at the wording of the statute, its legislative history and its policy." *Sullivan* v. *Town Council,* 143 Conn. 280, 284. The legislative policy of this statute, unchanged through its half century of history, was to prevent the operator of a motor vehicle from evading his responsibility to an injured person or to the owner of damaged property. *State* v. *Richardson,* 23 Conn. Sup. 284, 287, 1 Conn. Cir. Ct. 199, 202. Without any specific limitation of this policy to incidents occurring on a public highway expressed in the statute, it is unreasonable to conclude that the legislature would have intended that a person injured or an owner of property damaged on private property would not be protected from an evil which could as easily occur on private property as on a public highway. The requirement for production of license and registration in and of itself cannot indicate a legislative intent to limit the statute to a public highway and thus defeat the clear intent of the statute to prevent evasion of responsibility.

Nor is it of any consequence that § 14-224 is contained in the 1958 Revision under the chapter heading "Use of the Highway by Vehicles," while the 1949 statute was under the heading "Operation." Rev. 1949 § 2410; *State* v. *Haight,* 2 Conn. Cir. Ct. 79, 81. The 1958 Revision was the work of the legislative commissioner.[3] In the 1958 Revision there is no heading "Operation." "Unless it clearly appears otherwise, revisers are presumed to have expressed in their revision the intent of existing statutes, though they may have altered the form of their statement. . . . The language of the statute as revised or the legislative intent to change the former statute must be clear before it can be pronounced that the statute was changed in respect to its construction and operation." *Wilson* v. *Miller,* 144 Conn. 212, 216.

Since 1921, this evading responsibility statute has had a subdivision (b) containing a prohibition against racing "upon any public highway." Public Acts 1921, c. 400 § 31. The legislature, if it had intended to limit the application of this statute to a public highway and conform it to the racing part of the same statute, could easily have done so when it had under consideration the amendments of 1941 and 1957. There are many sections in chapter 248, "Use of the Highway by Vehicles," which specifically use the words "upon a public highway" or "upon the highways of the state."[4] In determining the legislative intent, it is noteworthy that in the 1918 Revision a number of prohibited acts which are now in separate sections were contained in a single section, § 1539, entitled "Certain acts forbidden," of

---

[3] The legislative commissioner was directed to revise the general statutes by 1957 Special Act No. 605. 28 Spec. Laws 812.

[4] For example, § 14-218 (negligent homicide); § 14-219 (speeding); § 14-222 (reckless driving); § 14 224 (b) (racing); § 14-227a (operation while intoxicated).

which four do not mention a highway and two specify operation on a "public highway."[5] It is also significant to note that § 14-227, "Operation while intoxicated," did not contain any limitation of operation on a public highway. "An examination of the history of the statute clearly shows that the legislature intended the regulation to apply even though the violation occurred at a place other than upon a public highway." *State* v. *Piette,* 16 Conn. Sup. 357. In 1963, the legislature repealed § 14-227 and substituted a new section, § 14-227a, which contains the words "upon a public highway of this state." Public Acts 1963, No. 616 § 1 (a).

We have looked "at the wording of the statute, its legislative history and its policy," and we find that the legislative intent is to punish evasion of responsibility whether the accident occurred on private property or on a public highway. The same construction has been given by the courts of other jurisdictions to similarly worded statutes. *Meadows* v. *State,* 211 Miss. 557, 561; *Salazar* v. *State,* 145 Acts 1963, No. 616 § 1 (a).

There is no error.

In this opinion JACOBS and KOSICKI, Js., concurred.

---

[5] Rev. 1918 § 1539. Subdivisions (a) (operation without permission of the owner), (b) (tampering with a motor vehicle), (c) (operation while under the influence), and (d) (evading responsibility) do not mention highway; subsections (e) (racing) and (f) (weight limitation of commercial vehicle) specify "public highway."