[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE SPECIAL DEFENSES
The plaintiff[1] brought this foreclosure action against the named defendant, his former wife, Mary Ann Trendowski, and Whitney Court Condominium Association. The named defendant has filed an answer, special defenses and a cross claim against his former wife. The first special defense alleges that the plaintiff failed to mitigate its damages by accepting an unconditional warranty deed when offered by the named defendant. The second special defense alleges that he was divested of title and possession of the subject premises by virtue of a judgment dissolving his marriage in 1993. The third special defense CT Page 3545 alleges laches. The fourth special defense and the cross claim allege that pursuant to the judgment dissolving their marriage, the codefendant, Mary Ann Trendowski, must hold the named defendant harmless with respect to all costs relating to the subject premises.
The plaintiff has moved to strike all four of the defendant's special defenses.
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted). Mingachos v.CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). "A motion to strike tests the legal sufficiency of a cause of action an may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano'sAuto Service, 4 Conn. App. 495, 496, 236 A.2d 104 (1985); Practice Book § 152(5). "A motion to strike is the proper method of challenging the legal sufficiency of a special defense". Krasnow v. Christensen, 40 Conn. Sup. 287, 288,492 A.2d 850 (1985); Practice Book § 152(5).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book 164." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992); see Bennett v. Automobile Ins. Co. of Hartford, 230 Conn. 795,802, 646 A.2d 806, (1994). With respect to the first special defense, the claim that the plaintiff failed to avail itself of an opportunity to mitigate damages is not the equivalent of demonstrating that the plaintiff has no cause of action. It is therefore not a proper special defense. See Bank of BostonConnecticut v. Platz, 41 Conn. Sup. 587 (1991). The motion to strike the first special defense is therefore granted.
As to the second special defense, the defendant has admitted in his answer that he was a comaker of the original note. He therefore remains liable despite his having been divested of title and possession as a result of the judgment dissolving his CT Page 3546 marriage. See General Statutes §§ 49-1 and 49-14; Caron,Connecticut Foreclosures § 1.01A, § 4.04C and § 9.05. The motion to strike the second special defense is therefore granted.
The third special defense alleges laches. "Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant." Emerick v. Emerick, 28 Conn. App. 794, 803-804
(1992). "Such prejudice results if the defendants are led to change their position with respect to the matter in question."Nauss v. Pinkes, 2 Conn. App. 400, 411, cert. denied. 194 Conn. 808
(1984).
The defendant's third special defense fails to allege sufficient facts upon which it could be concluded that a seven-month delay in initiating this foreclosure action is unreasonable or inexcusable. Additionally, he has not alleged any facts upon which it might be concluded that he was prejudiced by the plaintiff's action. See Knights of Columbus FederalCredit Union v. Salisbury, 3 Conn. App. 201, 208 (1985). The motion to strike the third special defense is therefore granted.
The fourth special defense is an abbreviated version of the defendant's cross claim against his former wife, and the cross claim is the better vehicle for the determination of this issue. The claim that his former wife was to hold him harmless with respect to the subject premises does not demonstrate that the plaintiff has no cause of action against him, but only that he has a right of reimbursement against her. This is not to say that the defendant may have no remedy but only that the plaintiff is not in a position to provide it. The motion to strike the fourth special defense is therefore granted.
The plaintiff's motion to strike is therefore granted in its entirety.
Jonathan E. Silbert, Judge