WIGGINTON, Judge.
By petition for writ of certiorari, Zink seeks review of the circuit court’s order affirming the county court’s denial of his motion to dismiss the charge against him. We deny the petition.
On December 20, 1983, Zink was charged with driving while under the influence of alcohol, in violation of section 316.193(l)(a), Florida Statutes (Supp.1982). Immediately prior to his arrest, the arresting officer had observed Zink “spinning donuts” in the dirt of a construction site on private property owned by Alton Box Company. He had no *1197 possessory or proprietary interest in the property. Undisputedly, the property was not a public street, highway or thoroughfare. The arresting officer had been called to the scene by the construction foreman, who informed the officer that Zink had been harassing the construction workers by trying to run them over with his car. After administering field sobriety tests, the officer determined that Zink was driving while drunk.
Zink contends that the section 316.-193(l)(a) prohibition against driving while under the influence of alcohol cannot be applied to him since his offense was committed on private property and not on a public highway. He recognizes that section 316.193(l)(a) makes it is unlawful for a person under the influence of alcohol, to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle “within this state.” Zink argues, however, that the phrase “within this state,” when considered in pari materia with the remainder of chapter 316 (in which the terms “highways, streets, or thoroughfares of this state” are often used) and when considered in light of the preamble to chapter 316,[1] should be given the strict interpretation of meaning “upon the streets and highways and elsewhere throughout the state where the public might have the right to travel.”
We decline to adopt Zink’s strained interpretation of the clear terminology of section 316.193(l)(a). The phrase “within this state” is not ambiguous and very lucidly indicates the legislature’s intent to encompass all lands in the state. As the circuit judge expressed in his order, it is not objectionable that the Florida Legislature has chosen to apply the statutory prohibition against driving while under the influence of alcohol more broadly throughout the state than certain other prohibitions contained in chapter 316. Since the circuit judge did not depart from the essential requirements of law in his decision, but instead reasonably and accurately construed the statutory language in question, the petition for certiorari is denied. See Combs v. State, 436 So.2d 93 (Fla.1983).
ERVIN, C.J., and THOMPSON, J., concur.

. In Ch. 71-135, Laws of Florida, the preamble to the enactment of Ch. 316 states that the purpose of Ch. 316 is to regulate "the movement of all vehicular, all pedestrian and all other traffic upon the streets and highways and elsewhere throughout the state where the public might have the right to travel."