## STATE OF FLORIDA v FINGAR
### Case No. 90-089 AC
Eleventh Judicial Circuit, Dade County

February 1, 1991

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General, and **Avi Litwin,** Assistant Attorney General, for appellant.

**Michael Brodsky, Esquire,** for appellee.

Before HENDERSON, ROBINSON, KAHN, JJ.

### OPINION OF THE COURT

PER CURIAM.

We feel bound to follow the clear precedent contained in *Zink v State,* 448 So.2d 1196 (Fla. 1st DCA 1984), because we feel it is the law and because of the reasons controlling our discretion expressed in *State v Hayes,* 333 So.2d 51 (Fla. 4th DCA 1976. By saying "within the state," Section 316.193(1)(a), Florida Statutes, applies driving under the influence laws to both public and private property. Section 316.006, Florida Statutes, including its remedial 1987 amendment, limits juris-

71

diction of county police over private property in their enforcement of laws controlling traffic to situations when the property owner consents. However, that section in no way is a limitation on the specific jurisdiction given the police in § 316.193(1)(a).

Reversed and remanded for further proceedings.

ROBINSON and KAHN, JJ., concur. HENDERSON, J., dissents with opinion.

HENDERSON, J., dissenting.

I would affirm the trial court's granting the Defendant's Motion to Dismiss, as the prosecution failed to meet the requirements of F.S. 316.006(3)(b), which at the time of this incident required a showing of a written agreement between the owner (which controls) of private roads and the County.

F.S. 316.006(3)(b) reads:

A county may exercise jurisdiction over any private road or roads, or over any limited access road or roads owned or controlled by a special district, located in the unincorporated area within its boundaries if the county and party or parties owning and controlling such road or roads provide, by written agreement, approved by the governing body of the county, for county traffic controlled jurisdiction over the road or roads encompassed by such agreement. . . The reasonable and clear reading of the statute makes the existence of the written agreement between the County and the party who owns and controls the property a condition precedent. The burden of proof was on the prosecution, and when it failed to show the existence of such an agreement, the Defendant was entitled to a dismissal of the charges for lack of jurisdiction.

*Zink v State,* 448 So.2d 1196 (Fla. 1st DCA 1984), should not be controlling as it was rendered under a prior statute, amended in 1987 to require the written agreement. In *Zink,* the Court commented upon the fact that the defendant Zink had no possessory or proprietary interest in the property where he was driving and arrested, and also that the arresting officer was called to the scene at the time of the offense. Both of these points were opposite the fact in the instant case, where the Defendant was driving on a private roadway owned by the private apartment complex where he lived, with restricted access to the roadway. The arresting officer in the instant case was not at the scene at the time of the offense, but was called there by a person after the offense occurred and the defendant had gone to his home. These matters all occurred October 13, 1989.

At the time *Zink* was decided in 1984, the statute did not require the written contract, but rather covered all traffic violations "within this state". After *Zink* was decided the Legislature amended the statute in 1987 adding to it the requirement of a written contract between the County and the parties owning and controlling the private roadway. This was a specific statute covering a specific point. The Legislature having enacted the statutory change, the requirement of this written contract became a condition precedent, and in the instant case when the prosecution failed to satisfy this requirement, jurisdiction was not established and the trial court correctly granted the Motion to Dismiss.